## KERR *v.* HAMMOND.

1. Where one entitled to a conveyance from another of realty, or an interest therein, upon the payment of a given sum, tendered at the proper time that sum to the latter, which he then refused to accept and subsequently denied the existence of any contract binding him to convey at all to the person making the tender, such person could maintain his equitable petition for specific performance; and if the petition contained an offer to pay the amount which the plaintiff was due to the defendant or for which he should be held liable when the amount so due was fixed and ascertained by the decree to be rendered, this was sufficient without actually producing the money and paying it into court.

2. In the present case it was error to grant a nonsuit.

December 2, 1895.

Petition for specific performance. Before Judge Lumpkin. Fulton superior court. September term, 1894.

*A. H. Davis* and *Dorsey, Brewster & Howell,* for plaintiff. *Marshall J. Clarke,* for defendant.

SIMMONS, Chief Justice.

The plaintiff's evidence makes substantially this case: He had arranged on May 17, 1890, to buy of one Weaver the land described in the pleadings, consisting of two hundred and fifty acres, for the sum of $6,250, of which $2,000 was to be paid in cash, and one half the remainder in one year and the other half in two years, the deferred payments to bear interest at eight per cent. per annum. Shortly

afterwards he made a parol agreement with the defendant
by which they were to become interested together in the
proposed purchase on this basis: the defendant to make the
cash payment, and if the land was sold at a profit in thirty
days, such profit to be divided between the parties, and if it
was not thus sold within this time, plaintiff to pay defend-
ant one thousand dollars and have a half-interest. There
were no writings between the parties, and no agreement as
to the form which the transaction should assume in written
instruments. Defendant made the cash payment, gave his
individual notes for the other payments, and took a bond
for titles to himself. The land was not sold within thirty
days. The plaintiff tendered the $1,000 within the time
required by the contract. The tender was not accepted by
the defendant, and he subsequently denied the existence of
any contract binding him to convey at all. No further
actual tender was ever made, nor was the money held by
the plaintiff for the defendant's use. The defendant on
May 6, 1891, sold 100 acres of the land for $4,500 and re-
ceived the money. The defendant rented the land for two
years at $75 per year. He had cut on the land about 450
cords of wood worth $1 per cord, and about 50 cords worth
$1.50 per cord. The cutting of the wood injured the land
$25 per acre.

The petition prayed that the defendant be required to
specifically perform the contract between him and the
plaintiff, and be required to execute to the plaintiff proper
papers conveying to the plaintiff a one half undivided
interest in the bond for titles held by the defendant, upon
the plaintiff paying to him the $1,000, "which sum your
petitioner now tenders to the said [defendant] and offers
to pay the same into court subject to the order of said
[defendant]." By amendment the plaintiff prayed, that
the defendant be required to execute to him such convey-
ance as would protect his interest in the premises; that the
defendant should account to him for all the timber the

defendant had cut off the land and for whatever damage he may have done the land by the cutting of the timber, and for rents and profits of the land, and that the defendant be required to acount for the money which he received from the sale of 100 acres of the land on May 6, 1891. At the conclusion of the plaintiff's evidence, the trial judge, on motion of the defendant, granted a nonsuit, on the ground that there was no continuing tender and no payment into court of the plaintiff's part of the purchase money; and to this judgment the plaintiff excepted.

We think the court erred in holding that such a tender was necessary. The decisions cited by the learned counsel for the defendant do not deal with a case of this kind. The case is different from that of a defendant pleading tender to escape the payment of interest and costs. The rule applicable here is well stated in Waterman on Specific Performance, §446, as follows: "Where a vendor places himself in such a position as to make it appear that if a tender of the purchase price were made its acceptance would be refused, the purchaser need not make a tender in order to maintain his bill. In such case, an offer to bring the money into court when the amount is liquidated and his decree granted, is sufficient. If the vendor refuses to receive the purchase money when tendered, or prevents the vendee from performing his part of the agreement, thus in effect making a demand nugatory, neither law nor equity requires it of the vendee. Under such circumstances, specific performance will be decreed within a certain time, provided the vendee, before that time, shall have performed on his part." In the case of *Irwin* v. *Askew*, 74 *Ga.* 581, this court held that where a contract for the sale of land and putting the purchaser in possession was broken by the vendor saying to the purchaser that he could not comply with its terms, tender of the purchase money was unnecessary. In the present case it appeared that the plaintiff tendered in due time the full amount required of him

by the contract, but the defendant refused to accept it, and denied that there was any contract at all which bound him to convey to the plaintiff. Moreover, in view of the sale of a part of the land by the defendant, and of the sums realized by him from the rent of the land, the cutting of wood therefrom, etc., an accounting was necessary in order to ascertain how much was due by the plaintiff. A tender of the money into court was rendered unnecessary, therefore, not only by the defendant's repudiation of the contract, but by the uncertainty as to the amount actually due. (See Deichmann *v.* Deichmann, 49 Mo. 107, 110; Irvin *v.* Gregory, 13 Gray (Mass.), 215. In the case last cited it was said by Shaw, C. J.: "When money is brought into court with a plea of tender, it is an admission of the party bringing it that the adverse party is entitled to it, and may take it out when he pleases. But in a suit for specific performance, it is sufficient for the plaintiff to offer by his bill to bring in his money whenever the sum is liquidated, and he has a decree for performance." The plaintiff, as we have seen, did this in the present case. In addition to the authorities above cited, see 3 Pom. Eq. Jur. (2d ed.), note to section 1407, and cases cited; 22 Am. & Eng. Enc. of Law, Art. Specific Performance, pp. 1040, 1041, and cases cited.          *Judgment reversed.*