## BENJAMIN W. SMITH v. CITY OF MINNEAPOLIS.[1]

November 25, 1910.

Nos. 16,916—(113).

**Eminent domain — taking land for a public use.**

Where land is taken and applied to a public use against the will of the owner, the statute which authorizes the proceeding will be construed to au-

[1] Reported in 128 N. W. 819.

thorize the taking of the interest only which is required by the necessity of the contemplated use. Reed v. Board of Park Commissioners, 100 Minn. 167, followed and applied.

#### Condemnation of an alley.

The city of Minneapolis, by condemnation of an alley under its charter, is *held* to have acquired a right limited by the contemplated use, to wit, an easement, and not a fee-simple estate.

Application by Benjamin W. Smith to the district court for Hennepin county to register title to a certain platted lot in the Town of Minneapolis. The city of Minneapolis alone answered. The facts are stated in the opinion. The case was tried before Dickinson, J., who ordered that the land be brought under the provisions and operation of an act concerning land titles, being chapter 65 of the Revised Laws of 1905, and that the title of the applicant be confirmed, subject, however, to any of the rights or encumbrances which may be subsisting, specified in section 3393 of said chapter; subject also to an inchoate right in and to an undivided one-third of said real property, in the wife of said applicant; the rear eight feet thereof also to be subject to the easement of the city of Minneapolis, as and for a part of a public alley of said city. From the final order and decree of registration, defendant city appealed. Affirmed.

*Frank Healy* and *William H. Morse,* for appellant.

*J. Russell Smith* and *Benjamin W. Smith,* for respondent.

JAGGARD, J.

The applicant and respondent sought to register title to a described lot as owner in fee simple, subject to an easement in defendant and appellant city in the rear eight feet of said lot for a public alley. Defendant had condemned said rear eight feet for a public alley through the block in which it was situated. By such condemnation, the defendant city insisted that it had acquired an absolute title in fee simple, and that the applicant was not entitled to a decree of registration which would include the said rear eight feet. This appeal was taken by said defendant from the final order, judgment, and decree of registration by the trial court, and especially from those parts of the order which related to the said eight feet.

The controversy concerns the correct construction to be given to the relevant provisions of the city charter. Section 15 (chapter 4, p. 53, of 1905 compilation of city charter, and Sp. Laws 1881, p. 441, c. 76, subc. 4) reads as follows:

"Sec. 15. The city council shall have the power to acquire by purchase or condemnation such private property as may be necessary for sites for public buildings for the use of the city and all departments thereof, for all structures connected with any department of the city, and for all streets, alleys and public squares in the city, and to ascertain and determine the value of all such private property taken for such uses, and the amount of all damages occasioned to any private property by reason of any public works or structures, and for that purpose may appoint commissioners to appraise such values or damages, or acquire information thereof in any other manner it shall deem advisable."

Section 4 of said chapter 76, subc. 10, (Sp. Laws 1881, pp. 474, 475) reads in part as follows: "Upon the payment of said award or appropriation, or the setting apart of the money in the city treasury to pay the same as aforesaid, the city shall become vested with the title to the property taken and condemned absolutely, for all purposes for which the city may ever have occasion to use the same, and may forthwith enter upon and use the same. This section shall apply as well to all cases of appropriation of private property for public use provided for in this chapter."

The natural and obvious construction of these two sections, in connection with other and relevant provisions, is that the city council is given power to condemn certain streets and alleys on the payment of value for such uses as the city may require. Upon such payment the city becomes vested with title, which is not absolute, but which is expressly said to be "for all purposes for which the city may ever have occasion to use the same." When the city condemns land for use as a street, it acquires the title appropriate to such use, and no other title. If the part of section 4 had read, "upon payment of said award, the city shall become vested with the title to the property taken and condemned absolutely," and had not contained the words: "for all purposes for which the city may ever have

occasion to use the same," then obviously the city would have been invested with a complete fee title, but the law does not so read. Under the law as it was actually formulated, the intention is apparent to vest in the city, on condemnation of a street or alley, only such title as may be appropriate to the use of the street or alley; that is, to restrict the title to the usual and familiar easement.

This natural construction was generally accepted until the decision in Boutelle v. Minneapolis City, 59 Minn. 493, 61 N. W. 554. Examination of that case has satisfied us that it involved only the right, as between a mortgagor and mortgagee, to recover the damages for the land taken. The question of the interest of the city in the strip taken was not directly litigated or determined. On the contrary, in Fairchild v. City of St. Paul, 46 Minn. 540, 49 N. W. 325, the court directly considered the matter of the title taken by a city in its streets under a charter provision giving it a fee simple. Mitchell, J., says: "Notwithstanding the broad language used in the city charter, we think that it must be construed as only a qualified or terminable fee; that is, the fee simple for street purposes, * * * one which it, as an agency of the state, holds in trust for the public for street purposes, and which it can neither sell nor devote to a private use." This was expressly approved in Chambers v. Great Northern Power Co., 100 Minn. 214, 110 N. W. 1128. This construction accords with the obviously correct rule in Reed v. Board of Park Commissioners, 100 Minn. 167, 110 N. W. 1119, that, where land is taken and appropriated to a public use against the will of the owner, the statute which authorizes the proceeding will be construed to authorize the taking of the interest only which is required by the necessity of the contemplated use.

Affirmed.