## DAVID F. GAMBLE v. EVA S. GARLOCK.[1]

### November 10, 1911.

### Nos. 17,399—(222).

**Option to buy land — loss of buildings — specific performance.**

The option contract of purchase involved in this action was a mere offer to sell the premises until a stipulated date. It conferred no interest in the premises until accepted, and it took effect from the date of acceptance. The buildings on the premises having been destroyed by fire before the date of

[1] Reported in 133 N. W. 175.

[Note] As to rights conferred by "refusal" or option generally, see note in 21 L.R.A. 127.

As to liability for loss or damage to personal property pending exercise of option to buy or return if unsatisfactory, see note in 6 L.R.A.(N.S.) 273.

acceptance, equity will not decree a specific performance of the contract, with an abatement in the stipulated price equal to the value of the lost improvements.

Action in the district court for Hennepin county to enforce specific performance of an option contract for the purchase of certain land, and to ascertain the amount to be credited to plaintiff upon the purchase price because of the destruction of the buildings thereon. From an order, Booth, J., overruling defendant's demurrer to the complaint, he appealed. Reversed.

*C. H. Christopherson,* for appellant.

*Harlan P. Roberts,* for respondent.

LEWIS, J.

On March 23, 1911, defendant leased to the plaintiff for the period of eight months her house and lot at Minnetonka, in consideration of the sum of $450, to be paid on or before April 1, 1911. The lease contained the usual covenants, and was signed and sealed by both parties. On the same day, by a separate instrument, the defendant executed and delivered to the plaintiff a writing whereby defendant granted the plaintiff the option for ninety days from April 1, 1911, to purchase the premises described in the lease for the sum of $6,000, less the $450 paid for rent. The instrument contained a provision that the plaintiff should signify his intention to take the property by due notice in writing, and should perform the conditions and terms of the option within the time specified, and that a failure so to do should terminate the option, and all rights thereunder, without further act or notice whatsoever, time being of the essence of the contract. The complaint states that plaintiff paid the $450 rental, and that a fire occurred on April 27, 1911, which destroyed the house and contents; that the house was worth $4,000, and the contents $500; that on May 3, 1911, the plaintiff offered to fulfil his option, and to pay the $6,000 on the property, less the $450 rental already paid, and in said offer demanded that a proper allowance be made for the destruction of the buildings and furniture. The relief demanded in the complaint was that the amount

of damages to the property by the destruction of the buildings and furniture, and the amount of insurance, be ascertained, and a decree entered specifying the amount to be credited to the plaintiff upon the purchase price, and for specific performance. Defendant demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled.

The learned trial court was of the opinion that the case was controlled by the reasoning in Williams v. Lilley, 67 Conn. 50, 34 Atl. 765, 37 L.R.A. 150. In that case the tenant had leased the upper floors of a business block, with an option to purchase the entire property. He was required to pay taxes and insurance, furnish the fuel, and heat the building, maintain elevators, and do everything necessary to make the premises tenantable, and there were other agreements to be performed by both parties. A fire occurred. The defendant adjusted the loss, received the insurance money, spent part of it only in repairing, and an action was brought by the tenant to recover the balance; he having exercised his option to purchase. In the course of the opinion the court say: (p. 56) "There were in fact two contracts, evidenced by the same instrument, related in some degree, in other essentials distinct. The same consideration extended, measurably at least, to both. The right to purchase the entire property furnished an inducement to the plaintiff to make and carry out the stipulations in regard to such entire property, though he was to be a tenant of only a portion of it."

While there are some points of similarity between the cases, we think the principle upon which this case must be decided is that the option executed by the defendant was unilateral, and conferred the personal privilege on plaintiff to purchase the premises at a certain time. The privilege was with reference to premises as they existed at the time the offer was made. The parties did not contemplate that a fire might occur, and that the offer should still hold good, subject to adjustment of damages. The owner was willing to part with the entire property as it stood for $6,000, but she might not have been willing to sell the land for that price less the amount of damages by a fire. If such a contingency had been thought of,

it certainly was a proper subject for a definite contract. This option conferred no interest in the land, and the cases referred to, where money stands in lieu of property, are not in point; for in all that class of cases, such as Moritz v. City of St. Paul, 52 Minn. 409, 54 N. W. 370, and Boutelle v. City of Minneapolis, 59 Minn. 493, 61 N. W. 554, the party claiming the money had some interest in the land. Edwards v. West, 7 Ch. Div. 858; Caldwell v. Frazier, 65 Kan. 24, 68 Pac. 1076; Newton v. Newton, 11 R. I. 390, 23 Am. Rep. 476; People's St. Ry. Co. v. Spencer, 156 Pa. St. 85, 27 Atl. 113, 36 Am. St. 22; Gilbert v. Port, 28 Oh. St. 276, and other cases have been considered.

The plaintiff is not entitled to the relief sought, and the demurrer should have been sustained.

Reversed.