(No. 27273.—

THE CITY OF CHICAGO *vs.* OLIVER SALINGER *et al.*— (GREGORY A. GELDERMAN, Appellant, *vs.* PAUL E. KELLY *et al.,* Appellees.)

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 12, 1944.*

GREGORY A. GELDERMAN, *pro se,* and JEROME F. DIXON, for appellant.

WILLIAM N. BRADY, and ROYAL J. SCHMIDT, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, Gregory A. Gelderman, filed a petition in the superior court of Cook county to obtain all the award paid to the county treasurer for taking by condemnation land of Paul E. Kelly and Gertrude Kelly. Gelderman, appellant, claimed the whole of the fund as the purchaser in a foreclosure proceeding brought by him after the con-

demnation judgment, but prior to the payment of the award. The superior court allowed appellant's claim to the extent of a deficiency judgment he had obtained in the foreclosure proceeding, but ordered the balance of the award paid to the mortgagors. This decision was affirmed by the Appellate Court for the First District, and an application for appeal to this court has been granted.

The facts are all stipulated. Paul E. Kelly and Gertrude Kelly, being the owners of the real estate in question, in 1927 executed a trust deed securing a note in the amount of $4000 owned by appellant. December 31, 1928, a final judgment in condemnation was entered on behalf of the city of Chicago taking a part of the premises. The judgment was for the sum of $6500 for land taken, against which was offset $1557.85 as a benefit to the part of the premises not taken. It is agreed this was a final judgment under the Local Improvement Act. December 19, 1930, the city took possession of the condemned property, and thereafter, May 27, 1936, appellant filed his complaint to foreclose his trust deed as to all of the property therein described. A decree of foreclosure was entered and the property ordered sold to satisfy $5233.75 found due to Gelderman. The premises were sold under decree of court January 14, 1937, and purchased by appellant for the sum of $4000. The sale was approved and a deficiency judgment in favor of appellant in the amount of $1370.76 was entered against the Kellys. There was no redemption from the sale, and a master's deed was delivered to Gelderman for all of the property described in the trust deed on October 15, 1938.

March 16, 1938, the city of Chicago deposited with the county treasurer of Cook county the sum of $4942.15, being the net amount of the award less the benefits assessed, and afterwards, on August 6, 1940, paid in the further sum of $2283.67, being the full amount of interest which had accrued on the award. By agreement of all of the parties

the sum of $1167.75 was paid to attorneys, leaving a balance of $6058.07 in the hands of the county treasurer. Gelderman petitioned the court to be paid the entire amount, claiming the judgment for the award was transferred to him by operation of law by the foreclosure of the trust deed and his acquiring a conveyance of the property. General taxes subsequent to the year 1928 in the sum of $3484.95 and special assessments in the amount of $2526.80 were unpaid.

Upon a hearing, the superior court ordered Gelderman's deficiency judgment, as well as interest thereon, be paid out of the award, and the balance paid to the Kellys. The appellant contends that under the doctrine of equitable conversion the condemnation award was substituted for the land taken, and therefore, in legal contemplation, remained land and passed by the master's deed to the purchaser. He points out where land, subject to a mortgage, is taken in an eminent domain proceeding the award is substituted for land, and therefore, as a legal fiction, the award, although in the form of personal property, is regarded as real estate. He also cites the familiar examples that property is transferable and descendable in the character in which the legal fiction, under the doctrine of equitable conversion, has placed it. (*Bennett* v. *Bennett*, 282 Ill. 266; *Haward* v. *Peavey*, 128 Ill. 430.) He then argues since the right to the condemnation award was in a sense an equitable right in the real estate it passed to the purchaser at the foreclosure sale as real estate subject to the rights of redemption, as provided by law.

On the other hand, appellee contends the money derived from an award in an eminent domain proceeding does not pass to the purchaser at a foreclosure sale, but that the award remains subject to an equitable lien in favor of the mortgagee to the extent of his unpaid debt, and in this case to the extent of his deficiency judgment, with interest,

and the balance of the award, if any, should be paid to the mortgagors.

The law is well settled that where property is condemned and taken for public use the award is deemed a substitute for the property taken, and the mortgagee is given an equitable lien on the fund to the extent of his claim. (*City of Chicago* v. *Gage,* 268 Ill. 232; *Mayer* v. *McCracken,* 245 Ill. 551.) Under such circumstances the mortgagee is entitled to priority of payment to such portion of the award as is necessary to satisfy his lien, (*Chicago, Burlington and Quincy Railroad Co.* v. *Chamberlain,* 84 Ill. 333,) and the lien of such mortgagee upon such fund is superior to that of a judgment creditor subsequent to the date of the mortgage. (*Jocelyn* v. *White,* 201 Ill. 16; *Keller* v. *Bading,* 169 Ill. 152; *Colehour* v. *State Savings Institution,* 90 Ill. 152.) The eminent domain proceedings involved were under the provisions of the Local Improvement Act. The judgment for the award in such a proceeding is a final and unconditional judgment. *Turk* v. *City of Chicago,* 352 Ill. 171; *Feldman* v. *City of Chicago,* 363 Ill. 247; *Blaine* v. *City of Chicago,* 366 Ill. 341; *Comrs. of Lincoln Park* v. *Schmidt,* 379 Ill. 130; *City of Chicago* v. *McCausland,* 379 Ill. 602.

The difficulty in this case arises because the condemnation award was not paid when it became final on December 31, 1928, and before it was paid the mortgagors defaulted in the payment of their debt, and the real property was foreclosed and sold under decree of court. If the award had been promptly paid Gelderman would have received the full amount due on his mortgage debt, and the real estate discharged from the lien of his mortgage. The authorities cited by appellant upon the question of equitable conversion are not inconsistent with those cited by appellee holding a mortgagee has an equitable lien upon a condemnation award.

The doctrine of equitable conversion is a fiction, and its application is limited to the extent necessary to accomplish equity. It is not necessary to resort to this fiction to protect the mortgagee, as we have held that the award is a substitute for so much of the mortgaged property as is appropriated for a public use, and the mortgagee has, in equity, a lien on the award to the extent of his unpaid debt. Since there is an equitable lien upon the award for taking a part of the land there is no necessity for reconverting the personal property into land for the purpose of making the lien of the mortgage applicable. If all of the land were taken the mortgagee would not resort to foreclosure, but would enforce his equitable lien against the award. There is no necessity of a different procedure to reach an award for part of the land.

The theory underlying the right of the mortgagee to an equitable lien on the award in condemnation cases is well stated in *In re Dillman*, 276 Mich. 252, 267 N. W. 623: "The underlying theory of the right of the mortgagee to part or all of the award is that, as the parties are powerless to prevent the taking of the property by the public and the mortgagee loses his lien upon the part taken, the award equitably stands in the place of the land taken; and, as the mortgage does not cover the award in law, it is held to operate as an equitable lien thereon. This results in two separate encumbrances, the legal mortgage lien on the remainder of the land and the equitable mortgage lien on the award." To the same effect is *In re City of Rochester*, 136 N. Y. 83, 32 N. E. 702; *Boutelle* v. *Minneapolis City*, 59 Minn. 493, 61 N. W. 554.

When there has been a final condemnation judgment under the foregoing authorities the necessary result must be that the property not taken remains subject to the mortgage lien. The land taken no longer belongs to the mortgagor because it has been taken by virtue of a sovereign power, free of the mortgage. The award, if paid at once,

is subjected immediately, under the foregoing authorities, to an equitable lien in favor of the mortgagee. Thus, where the mortgagee, before a condemnation proceeding, had a lien upon only the land, after the award is made he has a mortgage lien on the remainder of the land, and an equitable lien on the fund to secure his debt.

Under such circumstances, where equity raises a lien on the fund, and the remainder of the property is foreclosed, it is not logical for the decree or sale of land to pass title to personal property. If the money is paid and the mortgagee received it the debt is discharged in whole or *pro tanto*. It is not necessary for the mortgagee to bring a foreclosure proceeding to reach the money, but when his rights are disclosed to the court it will be ordered paid to him. Likewise, if the award is made but the money not paid, and the remaining land sold, there has no new fact arisen requiring foreclosure to reach the amount of the award. It is still subject to an equitable lien to secure the mortgage debt.

There are no cases from this jurisdiction cited except that of *Wadelski* v. *16th Ward Building and Loan Ass'n,* 276 Ill. App. 74; but that case was decided upon the mistaken assumption that a condemnation judgment under the Local Improvement Act was a conditional and not a final judgment. The effect of that decision is, of course, invalidated by the line of decisions commencing with *Turk* v. *City of Chicago,* 352 Ill. 171. The point, however, has been decided in other States. In *In re City of Rochester,* 136 N. Y. 83, 32 N. E. 702, under like circumstances, the court held the decree of foreclosure only affected the land not taken by the eminent domain proceeding; that the fund was not sold, but simply remained in the hands of the court for distribution; and that as to the fund, so much of the purposes of the foreclosure as consists in turning land into money, was already accomplished, and that the money stood in the place of the

land for the purpose of equitable distribution and not as a subject of a needless and superfluous sale.

The same result was reached in *Boutelle* v. *Minneapolis City,* 59 Minn. 493, 61 N. W. 554, where the court decided the award became collateral security for the mortgage debt in lieu of the land taken, and so remained until the land covered by the mortgage was sold. The court commented that resort could be had by the mortgagee to either fund, and if, from either, she realized her debt, the lien upon the other was terminated, and as to the effect of the condemnation award said: "That at the foreclosure sale the premises were sold, and that in the sheriff's certificate they were described as in the mortgage, is of no consequence, for a part had been as effectually released, by operation of law, as if a partial release had been formally executed and delivered."

The reasoning of these cases appeals to us. After the award has become final neither the mortgagor nor the mortgagee has any interest in the part of the land taken. It is personal property substituted for the part of the land taken, and the equitable lien of the mortgagee attaches to it as substituted security. If paid in cash he can proceed at once to obtain it and apply it upon his mortgage debt. If it exceeds the mortgage debt the latter is discharged. And if the mortgage is foreclosed before the award is paid, only that part of the land not taken can be sold under the decree, as the power of the State has taken title to the part condemned. The money paid, or the award representing the money, is no longer an equitable interest in land; it is a substitute for the land upon which a special equitable lien is given by equity to protect the mortgagee.

The appellant in this case appears in two capacities;— as mortgagee he had a lien on both the remainder of the land and upon the condemnation award, but as purchaser he holds in an entirely different capacity. If a stranger were the purchaser and bid at the sale he would only re-

ceive a deed for the property to which the lien extended, that is to say the remainder of the land. He could not thereby obtain title to separate personal property upon which a special equitable lien had been raised in the mortgagee by its taking. Appellant filed his petition as a purchaser, and hence is in the same position as a total stranger. But in his position as mortgagee he had a deficiency judgment, which was secured by an equitable lien on the award, or judgment for the award. When the proceeding came before the superior court the award was in money, and the court properly discharged the mortgagee's lien for the balance of the debt by ordering the deficiency paid out of the cash award.

Appellant contends the amount of unpaid taxes entitles him to all of the condemnation judgment. It must be remembered he was a purchaser; that at the time he purchased there were unpaid taxes against the property; he bid the sum of $4000, and the master's deed could only pass to him the title subject to the taxes. At such sale it is presumed the property brings its full value, (*Ogle* v. *Koerner,* 140 Ill. 170; *People* v. *Anderson,* 380 Ill. 158,) and hence the mortgagee in legal effect bid the sum of $4000 and accrued taxes, and therefore received a net credit upon his debt of $4000.

What we have said here applies to the special situation arising in a case where a mortgage is foreclosed after judgment in a condemnation proceeding, but before the award is paid. If, at the time the foreclosure of the real estate was filed, the award had been paid, no doubt, by the filing of an appropriate complaint, he could proceed both against the land and the money, in the one instance foreclosing the mortgage, and the other the equitable lien on the award. And even though at the time the mortgage foreclosure is filed the award has been made, but not paid into court, still we see no reason why, by appropriate action, the plaintiff could not proceed, and procure a de-

cree rendering both classes of his security liable for the discharge of the debt. *Los Angeles Trust and Savings Bank* v. *Bortenstein,* 190 Pac. 850.

We have made these comments, as our decision applies to the particular facts brought before us, and under the conditions as disclosed by the record in the case the judgment of the Appellate Court for the First District was correct, and is accordingly affirmed.

*Judgment affirmed.*