### 22014.   INGRAM v. THE METHODIST CHURCH DISTRICT BOARD OF MISSIONS & CHURCH EXTENSION OF ATLANTA, WEST DISTRICT, INC.

ARGUED MAY 13, 1963—DECIDED MAY 29, 1963— REHEARING DENIED JUNE 18, 1963.

*Grubbs & Prosser, Cochran, Carreker & Finch,* for plaintiff in error.

*Conley Ingram,* contra.

ALMAND, Justice. The petition of the plaintiff, defendant in error, alleges that the defendant, plaintiff in error, gave to the plaintiff an option to buy, within a stated period, a certain piece of land and a house situated on that land; that since the execution of the option the house has been destroyed by fire; that dur-

ing the life of the option but after the fire plaintiff elected to exercise its option but defendant refused to accept the tender of the plaintiff or to comply with the agreement. Plaintiff sought specific performance with an abatement in the purchase price calculated according to the value of the house which was destroyed by fire. The general and special demurrers of the defendant were overruled and he excepts to the order of the trial judge in so overruling his demurrers.

■ The plaintiff in error contends that the petition alleges a conditional tender and for this reason is subject to general demurrer.

On the question of tender, the petition alleges that on May 30, 1961, the plaintiff made an unconditional legal tender in cash of the full contract price and that the defendant refused to accept it. The petition then alleges that *after* making the above alleged tender plaintiff called upon the defendant to perform and the defendant refused to so perform. The petition then alleges that plaintiff stands ready, willing and able to carry out the terms of the contract and to pay into court whatever the court finds to be due according to an appropriate decree.

The tender made by defendant in error was sufficient as against general demurrer. See *Toomey v. Read & Gresham*, 133 Ga. 855 (4) (67 SE 100); *Crawford v. Williams*, 149 Ga. 126 (99 SE 378); and *Burnam v. Wilkerson*, 217 Ga. 657 (3) (124 SE2d 389). After having made this sufficient tender and after the defendant refused to accept it, it was thereafter necessary for plaintiff, in order to keep good his cause of action, only to stand ready to pay the amount. See the cases cited above. This, under the allegations of the petition, the plaintiff did.

The allegation to which plaintiff in error makes his most strenuous objection is that allegation which alleges that plaintiff offers to pay into the registry of the court whatever amount plaintiff is found to be due to the defendant according to an appropriate decree of the court. It is the contention of plaintiff in error that this allegation makes the plaintiff's tender conditional, and for this proposition plaintiff in error relies on *Cummings v. Johnson*, 218 Ga. 559, 562 (129 SE2d 762). That case is clearly distinguishable from the case at bar. In the *Cummings* case this

court correctly held that "before equity will decree specific performance of a contract for a sale of land, there must be an absolute and unconditional tender of the purchase price. An offer to pay the purchase price on delivery of a properly executed deed is not an unconditional tender." 218 Ga. at 562. The obviously distinguishing feature between the *Cummings* case and this case is that in the *Cummings* case "the petitioner does not allege that he ever tendered . . . the amount of the purchase price provided by the option . . . [but only alleges] that he stands ready and willing to pay the purchase price." Here the plaintiff tendered the purchase price and it was refused. The instant case is more closely akin to *Kerr v. Hammond,* 97 Ga. 567 (1) (25 SE 337), which held that "Where one entitled to a conveyance from another of realty, or an interest therein, upon payment of a given sum, tendered at the proper time that sum to the latter, which he then refused to accept and subsequently denied the existence of any contract binding him to convey at all to the person making the tender, such person could maintain his equitable petition for specific performance; and if the petition contained an offer to pay the amount which the plaintiff was due to the defendant or for which he should be held liable when the amount so due was fixed and ascertained by the decree to be rendered, this was sufficient without actually producing the money and paying it into court." Cf. *Miller v. Watson,* 139 Ga. 29 (2) (76 SE 585).

■ Plaintiff in error next contends that the defendant in error is not entitled to specific performance with an abatement in the purchase price because the petition, most strongly construed against the pleader, shows that the fire occurred before the option was exercised. We agree that the petition, construed most strongly against the pleader as it must be, shows that the option was exercised after the destruction of the house. However, it is our opinion that *Code* § 37-806 is broad enough to cover this situation. That Code section provides: "The vendor seeking specific performance shall show an ability to comply substantially with his contract in every part and as to all the property; but a want of title *or other inability* as to part shall not be a good answer to the vendee seeking specific performance, who is willing

to accept title to the part; receiving compensation for the other."
(Emphasis supplied.) It has been held that *Code* § 37-806
is broad enough to allow the vendee to get specific performance
after a house has burned if there was a valid contract.
*Phinizy v. Guernsey,* 111 Ga. 346 (36 SE 796, 50 LRA 680, 78
ASR 207). That decision gave effect to the language "or other
inability," and allowed a vendee to have specific performance of
his contract with an abatement in the purchase price after the
house on the premises had been destroyed by fire. In its opinion
the court said: "It is true that in nearly if not all of the cases
the inability on the part of the vendor to convey what the con-
tract called for arose from some fact which was in existence at
the time the contract of sale was made, such as defects in the title
to a part of the premises, deficiency in quantity or quality or value
of the property which was the subject-mater of the contract, and
the like. There does not seem, however, to be any good reason
why the principle should not be applicable where the inability of
the vendor to convey a part of that which his contract stipulated
for arose, subsequently to the making of the contract, out of some
transaction in which the vendee was not involved; and the fact
that the vendor was himself without fault would not seem to be
an obstacle which would prevent the application of the rule."
(111 Ga. at 353.)

The court continued (at 354): "Upon principle, however, we
have no hesitancy in holding that the vendee in a case like the
present is entitled to have a conveyance made to him of the land
and compensation for the loss of the building, provided the loss
thus sustained is capable of computation. If the plaintiff sus-
tains his allegations, a decree should be entered, that the de-
fendants convey to him the land which was the subject-matter of
the contract, and that the purchase price be abated in such an
amount as is just and reasonable in view of the changed condi-
tion of the property."

The remaining question and the only question not previously
decided by this court is whether or not the same rule applies when
a partial inability occurs prior to the exercise of an option. As
we view it the question turns on the nature of an option and the
meaning of the word *vendee* in the statute.

The statute clearly says a vendee can have specific performance. Vendee is defined by Black's Law Dictionary (4th Ed.) as "a purchaser or buyer"; and likewise in Ballentine's (2d Ed.). We would be placing an unduly restricted meaning on the word *vendee* were we to hold that the holder of an option could not exercise that option and have specific performance of his contract because a partial inability of the vendor to comply with the terms of the option contract occurred before the exercise of the option. This conclusion is fortified and sustained by the case of *Chatham Amusement Co. v. Perry,* 216 Ga. 445 (117 SE2d 320), which allowed the "vendee" to have specific performance of a lease-option agreement even though the vendor had, during the life of that agreement, and before the option was exercised, deeded a portion of the lands included in the option to the State Highway Department.

Plaintiff in error cites cases of other states which have refused to allow specific performance to the holder of an option where, prior to the exercise of the option, a partial destruction of the subject matter had occurred. The cases are Caldwell v. Frazier, 65 Kans. 24 (68 P 1076), and Gamble v. Garlock, 116 Minn. 59 (133 NW 175). These cases have been variously interpreted. See 23 ALR 1225 and 11 ALR2d 436. Plaintiff in error cites them for the proposition stated by the Kansas court that "in the contract of purchase the obligee takes an interest and the contract is an executory one, while in an option contract to purchase the obligee takes no interest, the contract is incompleted, it lacks mutuality until acceptance, and when accepted it does not relate back to the date of the offer, but has no other effect than if the offer had been made on the day of the acceptance and the election when made, is to accept the property as it is on the date of the acceptance."

It appears from the opinions in these two cases that they were not decided under any statute but were decided according to what those two courts thought to be general principles of law.

On the general question of the nature of an option this court in *Mattox v. West,* 194 Ga. 310, 315 (21 SE2d 428), has said: "while an option to purchase land does not, before acceptance, vest in the holder of the option any interest in the land itself, the

optionee does have such rights as he may have, under the contract, for a breach of the obligations imposed thereby." This case is contrary to the foreign authorities cited by plaintiff in error and controls us here. Even were it not for this enunciation by this court, *Code* § 37-806 would seem to operate in this case of its own force.

Thus, under the statute and the decisions of this court specific performance with an abatement in the purchase price can be had by the holder of an option though before he exercises his option the property which is the subject matter of the option is partially destroyed.

■ The exception to that portion of the order of the trial judge overruling the special demurrers of the plaintiff in error not being argued or insisted upon in the brief or in the oral argument is deemed abandoned.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*