THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellee and Cross-Appellant, *v.* NEW CENTURY ENGINEERING AND DEVELOPMENT CORPORATION *et al.*, Defendants-Appellants and Cross-Appellees.

Third District    No. 81-547

Opinion filed April 16, 1982.—Rehearing denied July 1, 1982.

John F. McClure, Arthur L. Klein, Morton M. Steinberg, and Adele Rapport, all of Arnstein, Gluck & Lehr, of Chicago, for appellants.

Tyrone C. Fahner, Attorney General, of Joliet (Wayne R. Johnson, Thomas R. Wilson, and Raymond Meader, Assistant Attorneys General, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The instant appeal evolves from an eminent domain proceeding. In 1973, the Department of Transportation of the State of Illinois filed a petition to condemn 7.55 acres of land owned by New Century Engineering and Development Corporation and subject to a mortgage held by James Talcott, Inc. The State desired immediate acquisition of the property. Rather than awaiting a jury determination of land valuation, the State pursued a quick-take procedure, moving for immediate vesting pursuant to section 2.1 of the Illinois Eminent Domain Act (Ill. Rev. Stat.

1971, ch. 47, par. 2.1). The trial judge found that the State had authority to exercise the right of eminent domain, despite defendant's objection, and made a preliminary finding which assessed just compensation for the property at $325,000. The State made a deposit of the required amount and took possession of the property. In a joint petition for withdrawal of funds, New Century was permitted to withdraw $137,500 and mortgagee Talcott was permitted to withdraw $187,500.

Eight years later, the condemnation action was finally tried before a jury; a value of $171,535 was ascribed to the property. That amount was a full $153,465 short of the preliminary valuation of $325,000. On application to the court, defendants New Century and Talcott were held jointly and severally liable for $137,500 and defendant Talcott solely liable for the additional amount of the excess withdrawn, $15,965. The State's request for interest on the refund was denied.

Defendant Talcott appeals that, as a mortgagee, it should not be required to make any refund, but if any, its refund should be limited to $15,965. The State appeals the denial of their request for interest.

■■ Our initial inquiry is whether there is joint and several liability between interested parties for refund of the *total* amount by which the preliminary finding of just compensation exceeded the final jury determination, regardless of the portion each party withdrew from the preliminary award. Stated another way, where an owner and mortgagee lawfully withdraw for their own use different amounts from the State's preliminary fund for compensation, does the law require that each party be a guarantor for the amount withdrawn by the other if a refund is later required?

Two provisions of the Illinois Eminent Domain Act are applicable to our inquiry.

Section 2.4 provides in part:

"[A]ny party interested in the property may apply to the court for authority to withdraw for his own use his share (or any part thereof) of the amount preliminary found by the court to be just compensation, and deposited by the petitioner * * *. * * * the court may authorize the withdrawal requested, or such part thereof as shall be proper, but upon the condition that the party making such withdrawal shall refund * * * any portion of the amount so withdrawn which shall exceed the amount finally ascertained in the proceeding to be just compensation * * * owing to such party." Ill. Rev. Stat. 1971, ch. 47, par. 2.4.

Section 2.7 provides:

"If the amount withdrawn from deposit by any interested party under the provision of Section 2.4 of this Act exceeds the amount finally adjudged to be just compensation (or damages, costs, ex-

penses, and attorney fees) due to such party, the court shall order such party to refund such excess to the clerk of the court, and if refund is not made within a reasonable time fixed by the court, shall enter judgment for such excess in favor of the petitioner and against such party." Ill. Rev. Stat. 1971, ch. 47, par. 2.7.

We do not believe that the law imposes the relationship of guarantor on parties in this situation. The interest of each is separate and distinct. The relationship of guarantor arises from an agreement between two parties with consideration forming the basis for the added liability assumed by the guarantor. New Century and Talcott never entered such an agreement. Merely by filing a joint petition for withdrawal of funds, separate amounts in their separate names, we do not believe that each party assumed liability for the withdrawal of the other. The statute does not impose such liability. This court will not now impose it.

The State elected to proceed under the quick-take provisions of the Eminent Domain Act. The State did not oppose the withdrawal of separate funds by the owner New Century and by the mortgagee Talcott. The record reveals that the petition clearly designated the interest each party had in the condemned land; separate withdrawals were sought by each. Of the $325,000 available for withdrawal, New Century sought and received $137,500. Although within the same document, Talcott separately sought and received $187,500.

In referring to entitlement to the condemnation proceeds, the statute uses the term "interested party" rather than "owner." Thus, it is evident that the drafters contemplated that multiple persons could apply for withdrawal. Section 2.4, as quoted above, provides that a condition of each party's withdrawal is that "the party making such withdrawal shall refund * * * any portion of the amount so withdrawn which shall exceed the amount finally ascertained * * * to be just compensation * * * owing to such party." All parties concede that Talcott, as mortgagee, is entitled to priority over New Century with respect to the entire condemnation proceeds. (*City of Chicago v. Salinger* (1943), 384 Ill. 515.) Talcott was entitled to retain the full $171,535 awarded by the jury. Talcott withdrew only $187,500. Thus, Talcott must refund any portion of the amount withdrawn ($187,500) which exceeds the amount finally ascertained to be just condemnation ($171,535). The difference between those amounts is $15,965, and that is the amount that Talcott must refund to the State.

■■ The next issue for our consideration is whether the State may recover interest on Talcott's refund of $15,965. The trial judge denied the State's motion for interest. We agree.

In Illinois interest is purely a creature of statute. As a general rule interest was not recoverable at common law, and cannot arise without statutory authority. (23 Ill. L. & Prac. *Interest* §11 (1979).) Neither the

Eminent Domain Act nor the Illinois Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 1 *et seq.*) authorizes the payment of interest to the condemnor on the excess deposit if the final award is less than the preliminary award. The Eminent Domain Act provides only that a condemnee is entitled to interest if the final award is more than the preliminary award. (Ill. Rev. Stat. 1971, ch. 48, par. 2.6.) The same act provides for the situation presented by the instant case: if the final award is *less* than the preliminary award, then the difference between those two amounts shall be refunded to the condemnor. (Ill. Rev. Stat. 1971, ch. 48, par. 2.7.) The act makes no provision for interest in this situation; the act mandates refund alone to the condemnor. Thus, the trial court was correct to deny the State's motion for interest on the refund.

For the reasons herein stated, we reverse that portion of the trial court's order which held New Century and Talcott jointly and severally liable for refund to the State of $137,500; we affirm that portion of the order which held Talcott liable for refund to the State of $15,965; we affirm the trial court's denial of interest on the refund.

Reversed in part; affirmed in part.

ALLOY and STOUDER, JJ., concur.