### BELCHER *v.* BELCHER.

CANDLER, Justice. Mrs. Annie Ruth Belcher filed a suit in the Superior Court of Fulton County against Wilson Eugene Belcher, her former husband, to recover certain past-due instalments alleged to be due her and their minor children on a judgment rendered therefor by the Circuit Court in and for Duval County, in the State of Florida. Being dissatisfied with a verdict and judgment in favor of the plaintiff, the defendant filed a motion for new trial. The exception here is to a judgment overruling his motion. We first consider the question of our jurisdiction of the writ of error, since it is our duty to do so, with or without motion, in all cases brought here. *Dade County* v. *State of Georgia*, 201 *Ga.* 241 (39 S.E. 2d, 473). Article 6, section 2, paragraph 4, of the Constitution of 1945 enumerates the cases over which the Supreme Court has jurisdiction. Among them are "alimony cases." In compliance with our rule 6-a (Code, § 24-4507), it is recited in the bill of exceptions that this court has jurisdiction of the present case "for the reason that the suit is in the nature of a suit for alimony although it also partakes of a suit on a foreign judgment." We can not agree with the plaintiff in error that this is a case which falls within the jurisdiction of this court for review. It is now well settled by the decisions of this court that a suit on a foreign judgment for alimony is simply an action on a debt of record, and not an "alimony case" within the meaning of the constitutional provision fixing the jurisdiction of this court. *Hayes* v. *Hayes*, 191 *Ga.* 237 (11 S. E. 2d, 764); *McLendon* v. *McLendon*, 192 *Ga.* 70 (14 S. E. 2d, 477). Since the present case, therefore, is not a suit for alimony, nor a case which otherwise comes within the jurisdiction of this court, it must be, and is

*Transferred to the Court of Appeals. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16363. OCTOBER 13, 1948.

*W. Neal Baird* and *Neely, Marshall & Greene,* for plaintiff in error.

*John W. Nesbitt,* contra.