GLOSSER *v.* POWERS.

HAWKINS, Justice. 1. Public policy may be fixed and established by statutory enactments and judicial records. *Fried* v. *Fried,* 208 *Ga.* 861, 862 (4) (69 S. E. 2d, 862).

2. "It is a general rule that agreements against public policy are illegal and void." 12 Am. Jur. 662, § 167. "Even in the absence of fraud in the procurement of a contract, a contract which is against the policy of the law is void and unenforceable." *Foster* v. *Allen,* 201 *Ga.* 348 (3) (40 S. E. 2d, 57); *Orkin Exterminating Co. of South Ga.* v. *Dewberry,* 204 *Ga.* 794 (51 S. E. 2d, 669); Code, § 20-504.

3. Courts of equity will refuse to aid the plaintiff by enforcing specific performance of a contract which is contrary to public policy. *Howell* v. *Fountain,* 3 *Ga.* 176 (46 Am. D. 415); *Bagwell* v. *Bagwell,* 72 *Ga.* 92; *Hulgan* v. *Gledhill,* 207 *Ga.* 349 (61 S. E. 2d, 473); *Hanley* v. *Savannah Bank & Trust Co.,* 208 *Ga.* 585 (68 S. E. 2d, 581).

4. The beneficent purpose of loans made and guaranteed by Federal Agencies under and pursuant to the Servicemen's Readjustment Act of 1944 (58 Stat. 284, 292, § 501, 38 U. S. C. A. § 694 et seq.) was to enable a veteran of the Second World War to obtain guaranteed long-term, low-interest-rate loans, to be used in purchasing residential property, or in constructing a dwelling on unimproved property *owned by him* to be occupied as *his home,* and intended solely to aid the veteran in the establishment of a home. Young *v.* Hampton, 36 Cal. 2d, 799 (228 Pac. 2d, 1, 5, 19 A.L.R. 2d, 830, 835). By 58 Stat. 300, § 1500 (38 U. S. C. A. § 697a) the provisions of Public Law No. 262, Seventy-fourth Congress, as amended (38 U. S. C. A. § 454a), are made applicable to the Servicemen's Readjustment Act of 1944, and by the latter section it is provided that the benefits of veterans under this act shall not be assignable. See, in this connection, Gowanda Co-operative Saving & Loan Association *v.* Gray, 183 Fed. 2d, 367; Bradley *v.* United States, 143 Fed. 2d, 573; Kauffman *v.* Kauffman, 93 Cal. App. 2d, 808 (210 Pac. 2d, 29); Tompkins *v.* Tompkins, 132 N. J. L. 217 (38 Atl. 2d, 890).

5. In this case the plaintiff alleged that the defendant purchased described property from a named person on January 2, 1951, and that approximately two months prior to that date the defendant entered into an agreement whereby the plaintiff was to furnish the down payment on the property and expenses incidental to obtaining a loan from the First Federal Savings and Loan Association of Augusta, Georgia; that she did make the down payment and paid the expenses in obtaining the loan *in stated amounts,* with the understanding and agreement between the plaintiff and the defendant that the defendant would execute a warranty deed to the plaintiff, subject to the security deed; that the defendant stated that the residence could be cut up into two apartments, and the defendant and his wife would occupy one apartment, and the plaintiff the other apartment, and that he would be glad to. obtain said loan and would execute a deed to the plaintiff subject to the security deed, but he has failed and refused to do so, and sought to require specific performance on the part of the defendant of the agreement to convey the property to the plaintiff. The defendant filed an amendment to his answer, in which he alleged: that he had served for more than ninety days in the active armed forces of the United States, after September 16, 1940, and prior to the cessation of World War II, and that as a veteran of said war he was entitled to a loan at four percent interest under the Servicemen's Readjustment Act of 1944 (commonly referred to as the G. I. Bill of Rights) for the purchase of a home; that the plaintiff *was never in the service of the armed forces and was not entitled to participate in any benefits provided for veterans under* Title 38, § 694 et seq., of the Code of the United States; that the defendant's eligibility to secure such a low-interest rate, long-term, guaranteed loan for a home was well known to the plaintiff; that benefits provided for veterans under said act are not and were not assignable or transferable; that the contract alleged to have been entered into between the parties was an attempt on the part of the plaintiff to secure benefits to which she was not entitled, and was an effort on her part to conspire with

the defendant to defraud the United States Government, and as such was contrary to the public policy of the United States and is not enforceable in a court of equity. *Held*:

(*a*) This plea of the defendant stated a valid defense to the petition, for "Contracts that obviously and directly tend in a marked degree to bring about results that the law seeks to prevent can not be made the ground of a successful suit." *Robinson* v. *Reynolds*, 194 *Ga.* 324 (21 S. E. 2d, 214). The trial court erred in dismissing· this amendment to the defendant's answer.

6. Since, under the undisputed testimony of the plaintiff, it appears that the contract sought to be enforced by her was in effect a·transfer and assignment to her by the defendant of his rights as a veteran to the benefits provided under the Servicemen's Readjustment Act of 1944 (supra) to aid him in the establishment of a home, which is expressly prohibited by the act itself, and that, under the contract sought to be enforced, all that the defendant would receive by virtue thereof would be the right, upon payment of an agreed rental, to occupy an apartment in· the house as a tenant at will or sufferance of the plaintiff, the evidence demanded a verdict for the defendant, and the trial court erred in overruling the defendant's motion for a new trial complaining of the verdict in favor of the plaintiff. See Licznerski *v.* United States, 180 Fed. 2d, 862.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*

No. 17877. Argued May 12, 1952—Decided June 9, 1952.

*Oliver K. Mixon* and *R. Lee Chambers III*, for plaintiff in error.

*Harris, Chance & McCracken*, contra.