## HENDERSON *v.* HENDERSON.

HEAD, Justice. 1. "An alimony decree of a sister State, providing for future monthly payments, is such a decree as is enforceable in this State, under the full faith and credit clause of the Constitution of the United States, as to such payments as have become due and are unpaid at the time of a judgment thereon in this State. *Roberts* v. *Roberts,* 174 *Ga.* 645 (163 S. E. 735); *Cureton* v. *Cureton,* 132 *Ga.* 745, 751 (65 S. E. 65); *Heakes* v. *Heakes,* 157 *Ga.* 863, 867 (122 S. E. 777); *McLendon* v. *McLendon,* 66 *Ga. App.* 156, 159 (17 S. E. 2d, 252). But the fact that such a decree of another State was for alimony will not make the Georgia suit on such decree an alimony case, since it 'is simply an action on a debt of record.' *McLendon* v. *McLendon,* 192 *Ga.* 70 (14 S. E. 2d, 477), and cit." *Lawrence* v. *Lawrence,* 196 *Ga.* 204 (3) (26 S. E. 2d, 283); *Belcher* v. *Belcher,* 204 *Ga.* 436 (49 S. E. 2d, 904).

2. Under the foregoing rules, a citation for contempt based upon an alleged failure to comply with a judgment rendered by a court of another State is not an alimony case within the provisions of the Constitution, article 6, section 2, paragraph 4 (Code, Ann., § 2-3704), and jurisdiction of the writ of error is vested in the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur, Atkinson, P.J., not participating.*

No. 17875. SUBMITTED MAY 12, 1952—DECIDED JUNE 9, 1952.

*Leward Hightower,* for plaintiff in error.
*Russell O. Clay* and *Barrett & Hayes,* contra.