18495.   CHRISTIAN *v.* McLEOD, Guardian, *et al.*

ALMAND, Justice. On March 25, 1949, a final decree was entered in Fulton Superior Court, granting a total divorce on the petition of Ruby M. Christian versus Rufus Christian, a part of the decree being an agreement between the parties whereby the defendant agreed to pay to the plaintiff as permanent alimony a stated sum of money monthly until she remarried. Neither the agreement nor the decree reserved to the court any power to change or modify the decree as to permanent alimony. On June 9, 1953, the defendant filed a motion to modify this decree, to the extent that he be relieved from paying any alimony to the plaintiff

as long as she remains committed to the Milledgeville State Hospital as a person non compos mentis, it being alleged that she was committed to such hospital on May 21, 1951, as being incurably insane, and has been in said hospital since that time. He alleged that a guardian had been appointed for the plaintiff, and the defendant has been making the alimony payments to the guardian; but that, since the plaintiff is being wholly supported by the State, none of the alimony is being applied by the guardian to her support and maintenance. He further alleged that the provision of the alimony decree as to the payment of alimony to the plaintiff until she remarries was too indefinite for enforcement, and since she has now been declared to be insane, she can not now or ever contract marriage, and the contingency as to termination of the alimony can never happen. The guardian and guardian ad litem filed general demurrers to the motion, which were sustained, and the case is here on exceptions to the order dismissing the motion. *Held:*

1. Where, after a final verdict, a decree is rendered, dissolving the marital relations between the parties, and a contract between them is embraced in the decree whereby the husband agrees to pay to the wife a stated sum of money each month as permanent alimony until her remarriage, and the court does not reserve any right or power to modify the decree as to permanent alimony, such decree is res adjudicata as to the amount of alimony, its payment, and the termination of the same, and the court has no power to modify or abrogate it. *Swain* v. *Wells,* 210 *Ga.* 394 (80 S. E. 2d 321).

2. The instant petition, which sought to relieve the defendant from paying the permanent alimony according to the terms of the decree, as long as the plaintiff was confined to the State Hospital under commitment as an insane person, failed to state any valid ground for modification of the decree, and was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 9, 1954—DECIDED MARCH 8, 1954—
REHEARING DENIED MARCH 23, 1954.

*Grace W. Thomas,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Herbert A. Ringel, Robert B. Harris,* contra.