### 36112. TOBIN *v.* TOBIN.

CARLISLE, J. 1. " 'An alimony decree of a sister State, providing for future monthly payments, is such a decree as is enforceable in this State, under the full faith and credit clause of the Constitution of the United States, as to such payments as have become due and are unpaid at the time of a judgment thereon in this State. *Roberts* v. *Roberts*, 174 *Ga.* 645 (163 S. E. 735); *Cureton* v. *Cureton*, 132 *Ga.* 745, 751 (65 S. E. 65); *Heakes* v. *Heakes*, 157 *Ga.* 863, 867 (122 S. E. 777); *McLendon* v. *McLendon*, 66 *Ga. App.* 156, 159 (17 S. E. 2d 252).' " *Henderson* v. *Henderson*, 209 *Ga.* 148 (71 S. E. 2d 210).

2. In this State, "permanent alimony shall be granted in the following cases: 1. In cases of divorce, as considered in Chapter 30-1. 2. In cases

of voluntary separation. 3. Where the wife, against her will, shall either be abandoned or driven off by her husband." Code § 30-210.

3. Prior to the act of 1955 (Ga. L. 1955, p. 630), it was the law of this State that "after the termination of a suit for permanent alimony and the rendition of a final decree therein, not excepted to, the decree allowing alimony passes beyond the discretionary control of the trial judge; and he has then no authority either to abrogate it or to modify its terms. . . The power to revise and review allowances of alimony, which is vested in the judges of the Superior Courts by Civil Code § 2978 [Code § 30-204], applies exclusively to the revision and review of allowances of temporary alimony. *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977)." *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415) and a decree for permanent alimony although it contains language reserving to the court the power to modify it at a later date could not be so modified. *Gilbert* v. *Gilbert,* 151 *Ga.* 520 (107 S. E. 490); *Christian* v. *McLeod,* 210 *Ga.* 492 (80 S. E. 2d 777); *Swain* v. *Wells,* 210 *Ga.* 394 (80 S. E. 2d 321); *Ramsay* v. *Sims,* 209 *Ga.* 228, 235 (71 S. E. 2d 639), and citations.

4. Where a final decree of permanent alimony has been entered, to which no exception was taken, it is no defense to the husband's liability therefor that subsequently to that judgment one of the parties obtained a total divorce, in the decree for which no reference was made to alimony. *Woodall* v. *Woodall,* 147 *Ga.* 676 (95 S. E. 233).

5. By the terms of Code § 30-213, provision is made for the grant of alimony where the husband and wife shall be living separate, or shall be bona fide in a state of separation, and there shall be no action for divorce pending. Under the terms of this section, the alimony so granted shall be suspended "when a petition for divorce shall be filed bona fide by either party, and the judge presiding shall have made his order on the motion for alimony." Where, however, such alimony as provided for in this section has been granted the wife and subsequently a total divorce granted the husband but the divorce decree is silent as to alimony, the divorce decree does not have the effect of rendering the alimony decree functus officio. *Cox* v. *Cox,* 197 *Ga.* 260 (29 S. E. 2d 83); *Higgs* v. *Higgs,* 144 *Ga.* 20 (85 S. E. 1041); *Evans* v. *Evans,* 190 *Ga.* 364 (9 S. E. 2d 254); *Evans* v. *Evans,* 191 *Ga.* 752, 755 (14 S. E. 2d 95); *Moody* v. *Moody,* 193 *Ga.* 699 (5) (19 S. E. 2d 504).

6. If the State of California had been one of the original thirteen States of the Union, or had been carved out of the territory of one of the original States, it would be presumed that the common law of England insofar as pertinent, was of force in that State, and the case would be decided with reference to the common law of England. However, as the State of California was not one of the original thirteen States and not carved out of one of them, but was a part of the Spanish possessions of this continent before becoming a part of the Union, it will not be presumed that the common law of England prevailed in that State. If it prevails there, it must be by virtue of some statutory provision of which this court cannot take judicial notice. As no California law was pleaded or proved, the case must be decided on the law of this State. *Alropa Corp.* v. *Pomerance,* 190 *Ga.* 1 (8 S. E. 2d 62).

7. Where, in a suit to recover payments allegedly past due under a judg-

ment of one of our sister States for alimony, the only defense interposed to the suit is that the foreign judgment is one for temporary alimony and became functus officio upon the grant subsequently of a decree of divorce in this State, the burden is upon the defendant to prove such matter of defense where such matter does not appear in the petition or in the exhibits attached thereto. *Albert* v. *Albert,* 86 *Ga. App.* 560, 561 (71 S. E. 2d 904).

8. Under an application of the foregoing principles of law to the facts of the present case, the verdict for the entire amount for which a suit was brought was authorized, and the trial court did not err in overruling the motion for a new trial, based solely on the general grounds. The defendant did not plead or prove the law of California on the subject of alimony and such law nowhere appears in the record. We, consequently, will construe the judgment for alimony to have been entered under the same laws as those which obtained in this State. It does not appear that there was any divorce pending in the California courts at the time the decree for separate maintenance was entered such as to lead to the construction that the degree was for temporary alimony. The divorce obtained by the defendant in this State is silent upon the subject of alimony insofar as this record reveals and the divorce decree did not, under the authority of *Cox* v. *Cox,* supra, render the decree functus officio even if we assume the decree was entered under circumstances similar to those for which provision is made in Code § 30-213.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided March 14, 1956.

*Howard & Harmon, James C. Howard, Jr.,* for plaintiff in error.
*Matthews & McClelland, J. Ralph McClelland, Jr.,* contra.