19529.   MARLOWE *et al. v.* MOSS.

CANDLER, Justice.   The record in the present case shows the following: John Marlowe, a resident of Tift County, died intestate on November 27, 1952. His only heirs at law are John A. Marlowe, Lottie M. Marlowe, Van Marlowe, and Willie Have Marlowe, his children.   He left an estate valued at approximately $5,000.   John A. Marlowe was appointed temporary administrator of his estate, and qualified by giving the bond and taking the oath required by law.   On April 28, 1956, Oscar Moss filed an equitable action in the Superior Court of Tift County against John A. Marlowe, individually and as temporary administrator of John Marlowe's estate, and against the other three children of the deceased as named above.   So far as need be stated, his petition alleges: On March 31, 1955, and at a private sale, he purchased from John A. Marlowe, individually and as temporary administrator of John Marlowe's estate, a described portion of the land owned by the decedent's estate for $200, its fair value.   At the time of his purchase, he made a cash payment of $25, and on April 23, 1955, he made another payment of $15, and agreed to pay the balance of the purchase price on the delivery of a deed to him for the land so purchased.   When the $15 payment was made, the

defendant John A. Marlowe put him in actual possession of the purchased land, and he has since then in good faith erected a dwelling on it which cost him approximately $2,000. The defendant John A. Marlowe fails and refuses to convey the purchased land to him, although he has tendered to him the balance of the agreed purchase price and is ready and willing to pay it into the registry of the court. Administration of the decedent's estate should be removed from the Court of Ordinary of Tift County to a court of equity, so that it may be partitioned in such a manner that he will receive the tract he purchased from the defendant John A. Marlowe. A receiver should be appointed for the purpose of administering the estate in equity. There is no allegation that the other heirs at law of the deceased participated in a sale of the land to the plaintiff or had any knowledge of such sale. On presentation of the petition, the trial judge by an ex parte order removed administration of the estate from the court of ordinary to the Superior Court of Tift County, appointed A. L. Kelley, Jr., receiver of the estate, and directed that all nonresident defendants be served by publication. The defendants by general demurrer challenged the sufficiency of the petition to state a cause of action for any of the relief sought. They also demurred to it on one special ground. The demurrers were overruled, and the defendants excepted to those judgments and sued out a writ of error to this court. *Held:*

1. The allegations of the petition affirmatively show that the plaintiff does not have a valid contract for the purchase of the land involved; and this is true since an administrator, temporary or permanent, is wholly without authority to sell the land of his intestate's estate at private sale.

2. "Equity will not interfere with the regular administration of estates . . . upon application of any person interested in the estate [except] where there is danger of loss or other injury to his interests." Code § 37-403. To authorize such interference, the facts must very clearly show there is a good reason for so doing. *Moody* v. *Ellerbie,* 36 *Ga.* 666; *Powell* v. *Quinn,* 49 *Ga.* 523; *Morrison* v. *McFarland,* 147 *Ga.* 465 (94 S. E. 569); *Clay* v. *Coggins,* 148 *Ga.* 543 (97 S. E. 623); *Hamrick* v. *Hamrick,* 206 *Ga.* 564 (58 S. E. 2d 145); *Ray* v. *Dooley,* 208 *Ga.* 811 (69 S. E. 2d 766); *Salter* v. *Salter,* 209 *Ga.* 511 (74 S. E. 2d 241). In *Powell* v. *Quinn,* supra, it was said: "Courts of equity will not interfere with the regular course of an administration, by appointing a receiver to take the assets of the estate out of the hands of the administrator, unless the danger be imminent and the charges in the bill be positive and specific."

3. The petition in the instant case did not allege facts sufficient to authorize a court of equity to interfere with the regular administration of the decedent's estate by the court of ordinary, and the general demurrer to the petition should have been sustained and the case dismissed. Since the petition failed to state a cause of action for any relief sought thereby, all action taken in the case is nugatory.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 13, 1956—DECIDED DECEMBER 5, 1956—MOTION TO VACATE JUDGMENT ALLOWED FILED AND DENIED DECEMBER 18, 1956.

*G. Gerald Kunes,* for plaintiff in error.
*Robert R. Forrester, R. D. Smith,* contra.