### 21839. CUMMINGS v. JOHNSON.

HEAD, Presiding Justice. James Lamar Cummings filed a petition for specific performance against Mrs. Ruth B. Johnson. It was alleged: Mrs. F. G. Clay at the time of her death owned described property, subject to a deed to secure debt. Her only heirs at law were her husband, F. G. Clay, and

three children, Mrs. Eddis Johnson, Mrs. Wynelle DeAngelo, and James L. Fuller. Subsequently James L. Fuller died, leaving a widow, Mrs. Mary Fuller, and two minor children. The petitioner negotiated with the named heirs of Mrs. Clay and Mrs. Mary Fuller for the purchase of the property, which they desired to sell. The attorney for the petitioner discussed with them "possible methods of perfecting the title of the minors' interest" in the property, and it was mentioned that Mrs. Agnes E. Hoffman, the mother of Mrs. Mary Fuller, held a recorded deed to secure debt on the property. The attorney "discussed with them the possibility of Mrs. Hoffman selling said property under the power of sale in said deed to secure debt, her bidding the property in at the foreclosure sale and then holding the title under foreclosure deed for the benefit of all of the common owners of the land, and her making a deed to petitioner at any time during the life of the option when he was ready to pay the purchase price agreed on, at which time Mrs. Hoffman could be paid her secured indebtedness and the costs of the foreclosure sale, and the remainder of the purchase price then distributed out to the common owners of the property." Upon the agreement that title would be perfected in the above manner, or in some other legal form, the heirs of Mrs. Clay and Mrs. Mary Fuller, "as administrator of the estate of James L. Fuller, deceased," executed an option to the petitioner for the purchase of the property at an agreed price, obligating themselves to perfect title. Thereafter Mrs. Hoffman foreclosed her deed to secure debt, and bid in the property at the same amount as the purchase price in the option contract. Subsequently the defendant, Mrs. Ruth B. Johnson, acting through her husband and agent, R. E. Johnson, began negotiations with Mrs. Hoffman for the purchase of the property, and on the same date the petitioner received notice of the approval of a loan application made by him, a deed was made by Mrs. Hoffman to the defendant, the purchase price being the same as that in the option of the petitioner. R. E. Johnson, acting as agent for the defendant, had ample knowledge of the option of the petitioner, but nevertheless prevailed upon the optionors to disregard their option with the petitioner and sell the property to Mrs. Johnson. *Held:*

1. A duly filed and recorded deed to secure debt is notice of all the rights which the grantee has thereunder. *Mattlage v. Mul-*

*herin's Sons & Co.,* 106 Ga. 834 (32 SE 940). The record of a security deed is constructive notice to subsequent grantees. *Leffler Co. v. Lane,* 146 Ga. 741 (92 SE 214). "Constructive notice is notice to the world." *Clark v. C. T. H. Corp.,* 181 Ga. 710 (1) (184 SE 592); *Poore v. Poore,* 210 Ga. 371, 372 (80 SE2d 294). In the present case the attorney for the petitioner had actual knowledge, and the petitioner constructive knowledge, of the deed to secure debt from Mrs. F. G. Clay to Mrs. Agnes E. Hoffman, which the petition and exhibits thereto disclose was duly recorded in the Deed Records of Grady County.

2. "A deed of conveyance to secure a debt, under the provisions of *Code* § 67-1301, passes the title to the property conveyed until the debt is fully paid." *Lively v. Oberdorfer,* 216 Ga. 673 (1) (119 SE2d 27), and citations. Mrs. Agnes E. Hoffman being the holder of a deed to secure debt executed by Mrs. F. G. Clay during her lifetime, the optionors had no title to the property described in the deed to secure debt at the time of the execution of the option.

3. A sale under the powers contained in a deed to secure debt divests the grantor of all title, and right of equity of redemption, to the lands described in the deed. *Carrington v. Citizens Bank of Waynesboro,* 144 Ga. 52 (3) (85 SE 1027); *West Lumber Co. v. Schnuck,* 204 Ga. 827 (2) (51 SE2d 644).

4. "If, after notice that another has made a contract for the purchase of land, a third person cuts in, buys it, and takes a conveyance, such person stands in the place of his vendor, and a court of equity, *if it would decree a specific performance of the contract against the latter, will render a like decree against the former.* [Italics ours.]" *Bryant v. Booze,* 55 Ga. 438. See also *Grooms v. Grooms,* 141 Ga. 478 (2) (81 SE 210); *Finney v. Blalock,* 206 Ga. 655 (1) (58 SE2d 429). In the present case the optionors did not have title to the property described in the option at the time it was executed, nor did they ever acquire title thereto. On the contrary, all interest of the optionors in the property was divested by the foreclosure of the deed to secure debt by Mrs. Agnes E. Hoffman. While the petition alleges that Mrs. Hoffman orally stated that she wanted to sell the lands to the petitioner, in the prayers of the amendment to his petition, he prays only for "a decree of specific performance as against the said Mrs.

Ruth B. Johnson under the option and agreement aforesaid . . ." Since at no time after the execution of the option could the petitioner have procured a decree of specific performance against the optionors, he is not entitled to a decree of specific performance against the defendant, Mrs. Ruth B. Johnson.

5. "The public policy of any state is to be found in its constitution, acts of the legislature, and decisions of its courts. 'Primarily it is for the lawmakers to determine the public policy of the State.' Twin City Pipe Line Company v. Harding Glass Company, 283 U. S. 353, 357." Building Service &c. Union v. Gazzam, 339 U. S. 532, 537 (70 SC 784, 94 LE 1045). See also *Glosser v. Powers*, 209 Ga. 149 (71 SE2d 230). The public policy of this State pertaining to sales by administrators is fixed by Ga. L. 1958, pp. 657, 671 (*Code Ann.* § 113-1706) and *Code* § 113-1707, and all such sales must be public and in the manner prescribed by law. An agreement by an administratrix to make a conveyance upon stipulated terms is contrary to public policy and unenforceable. *Brown v. Madden*, 141 Ga. 419 (6a) (81 SE 196) ; *Marlowe v. Moss*, 212 Ga. 781 (1) (95 SE2d 796).

6. "Before equity will decree specific performance of a contract for the sale of land, there must be an absolute and unconditional tender of the purchase-price. An offer to pay the purchase-price on delivery of a properly executed deed is not an unconditional tender." *Terry v. Keim*, 122 Ga. 43 (49 SE 736) ; *Henderson v. Willis*, 160 Ga. 638 (128 SE 807) ; *Jolly v. Jones*, 201 Ga. 532 (40 SE2d 558) ; *Heath v. Miller*, 205 Ga. 699 (54 SE2d 432) ; *Morgan v. Mitchell*, 209 Ga. 348 (72 SE2d 310). In the present case the petitioner does not allege that he ever tendered to Mrs. Ruth B. Johnson the amount of the purchase price provided by the option. He does allege that he stands ready and willing to pay the purchase price. "Tender can not be avoided by a promise to pay or an assertion in pleadings of a willingness to pay." *Forrester v. Lowe*, 192 Ga. 469, 474 (15 SE2d 719).

7. For the reasons stated in headnotes 4, 5, and 6, it was not error to sustain the general demurrers of the defendant and dismiss the petition.

*Judgment affirmed. All the Justices concur.*

Submitted November 13, 1962—Decided January 14, 1963.

*Bell & Baker,* for plaintiff in error.
*Cain & Smith,* contra.