23937. JOHNSON v. JOHNSON.

GRICE, Justice. This is an appeal from the grant of a summary judgment recognizing and establishing an alimony judgment rendered in the Commonwealth of Virginia as a judgment of the Superior Court of Fulton County, Georgia, and temporarily restraining and enjoining the defendant here from failing to comply with its terms.

However, "it is now well settled by the decisions of this court that a suit on a foreign judgment for alimony is simply an action on a debt of record, and not an 'alimony case' within the meaning of the constitutional provision fixing the juris-

diction of this court." *Belcher v. Belcher,* 204 Ga. 436 (49 SE2d 904), and citations. See also, *Henderson v. Henderson,* 209 Ga. 148 (71 SE2d 210) ; *O'Quinn v. O'Quinn,* 217 Ga. 431 (122 SE2d 925).

Furthermore, the suit here is not an "equity case" within such constitutional provision. While the petition, among other relief, prays that the "defendant be restrained and enjoined from failing and refusing to comply with the terms of said judgment," the petition does not allege inadequacy of remedies at law. One of the prayers is that the Virginia judgment "be recognized, established and enforced as the judgment of [the Georgia trial court] as by law provided." It is not shown that full and complete relief could not be had by such legal remedies as execution or contempt proceedings. Therefore, the injunction feature does not make the case one in equity. See *Burress v. Montgomery,* 148 Ga. 548 (5) (97 SE 538) ; *Carter v. State of Ga.,* 211 Ga. 824 (89 SE2d 175), and citations.

Nor does this court have jurisdiction because of the defendant's assertions in his answer that his "constitutional rights" have been violated. *Jarvis v. State,* 197 Ga. 704 (30 SE2d 484).

Since there is no basis for this court's jurisdiction, the case is *Transferred to the Court of Appeals. All the Justices concur.*

ARGUED FEBRUARY 15, 1967—DECIDED FEBRUARY 23, 1967.

*Roland P. Smith,* for appellant.

*Huie, Etheridge & Harland, Harry L. Cashin, Terrill A. Parker,* for appellee.