## 42753.   JOHNSON v. JOHNSON.

FELTON, Chief Judge.  1.  "An alimony decree of a sister State, providing for future monthly payments, is such a decree as is enforceable in this State, under the full faith and credit clause of the Constitution of the United States, as to such payments as have become due and are unpaid at the time of a judgment thereon in this State." *Tobin v. Tobin,* 93 Ga. App. 568 (1) (92 SE2d 304) and cases cited.

2. "A judgment of a sister State, authenticated according to the Act of Congress, is conclusive on the defendant as to all questions that he could have been heard on in the court when and before the judgment was rendered." *Sharman v. Morton,* 31 Ga. 34 (2). "A judgment of a court of a foreign State having jurisdiction of the subject matter and the parties can not be collaterally attacked in the courts of this State on the ground of fraud." *Wood v. Wood,* 200 Ga. 796 (2) (38 SE2d 545) and cit.

3. Even in a direct attack on a judgment on the ground of fraud "it must appear that it was not due to defendant's negligence that the fraud was perpetrated, and that due diligence would not have prevented the fraud." *Hirsch v. Collier,* 104 Ga. App. 271, 273 (121 SE2d 318). In the present case the pleadings and the evidence show that the defendant had been personally served in his wife's divorce action in the Virginia court, was represented by counsel for several months during the pendency of said action, had discharged his counsel and had not secured other counsel and was, hence, unrepresented at a hearing approximately one month thereafter, following which was entered a decree a mensa et thoro. The pleadings do not affirmatively allege nor does the evidence show any facts which prevented defendant's employment of other counsel or show his exercise of diligence in keeping himself informed as to the progress of his case and seeking a postponement if necessary. See *American Mut. &c. Co. v. Satterfield,* 88 Ga. App. 395, 398 (2) (76 SE2d 730); *Blanch v. King,* 202 Ga. 779 (44 SE2d 779); *Snow v. Conley,* 113 Ga. App. 486, 490 (148 SE2d 484). Under these circumstances the defendant could not rely on his lack of representation and lack of notice of the court's actions in the case as a denial of due process by which to attack the former decree even directly.

4. Accordingly, the duly authenticated alimony decree of the Virginia court, which had jurisdiction of the subject matter and the parties, was not subject to collateral attack on the grounds of either alleged fraudulent testimony or alleged denial of due process by lack of representation and notice of the court's actions in the case. The decree was enforceable in the Fulton Superior Court in the plaintiff wife's action on the debt of record as to such payments as were due and unpaid at the time of the judgment on the decree in the Georgia court. *Belcher v. Belcher,* 204 Ga. 436 (49 SE2d 904), and citations; *Tobin v. Tobin,* 93 Ga. App. 568, supra. See also *Henderson v. Henderson,* 209 Ga. 148 (71 SE2d 210); *O'Quinn v. O'Quinn,* 217 Ga. 431 (122 SE2d 925). The pleadings and the evidence did not raise any genuine issues of material fact; therefore, the trial court did not err in its judgment granting a summary judgment in favor of the plaintiff, insofar as it awarded the amount of payments which were due and unpaid *up to the date of the Virginia court's decree,* plus in-

terest to such time, the only sum for which judgment was prayed (except attorney's fees).

*Judgment affirmed.  Hall and Eberhardt, JJ., concur.*

Argued May 2, 1967—Decided May 19, 1967.

*Roland P. Smith,* for appellant.

*Huie & Harland, Harry L. Cashin, Jr., Terrill A. Parker,* for appellee.