### 43196. MATHIS v. KIMBRELL BROTHERS TIRE SERVICE et al.

WHITMAN, Judge. This is an appeal by Franklin L. Mathis, plaintiff in the court below, from a judgment entered on August 1, 1967, granting a motion for summary judgment "in favor of Lee Roy Kimbrell, Willis Kimbrell and Raymond Kennedy as partners, doing business as Kimbrell Bros. Tire Service," the notice of appeal designating judgment appealed from as "from the order of the superior court entered on the 1st day of August, 1967, granting its motion for summary judgment against plaintiff and in favor of defendant, Kimbrell Bros. Tire Service."

The case originated by the filing in the lower court of a petition by Mathis as plaintiff against one J. D. Kimbrell and Kimbrell Bros. Tire Service, as defendants, alleging defendant J. D. Kimbrell to be a resident of Marshall, Arkansas, and in Paragraph 2 of his petition alleging the defendant, Kimbrell Bros. Tire Service to be a corporation existing under the laws of the State of Texas. The petition alleged that the defendants were nonresident motorists within the terms of the Motor Vehicle Act and it was necessary that they be served by serving the Secretary of State of Georgia. It was a suit for damages for alleged personal injuries and property damage claimed to have resulted from the operation by defendant J. D. Kimbrell, who was alleged to have been negligent in the operation of a tractor-trailer, which acts of negligence it is

alleged "were acts for which both of the named defendants are liable and they are the direct and proximate cause of the in-injuries and pain and suffering sued for."

During the pendency of the case in the court below a default judgment as to liability was rendered against the individual defendant J. D. Kimbrell, which is in no wise involved in the appeal before this court.

By order of the trial court dated February 23, 1966, agreed to by plaintiff, the defendant Kimbrell Bros. Tire Service, was granted thirty additional days within which to file defensive pleadings, the order providing that nothing therein should be construed as submitting said defendant to the jurisdiction of the court.

On March 24, 1966, Kimbrell Bros. Tire Service alleging itself to be "a partnership composed of Lee Roy Kimbrell, Willis Kimbrell and Raymond Kennedy, all of Houston, Texas," filed an unverified plea to the jurisdiction, and on the same date filed separate demurrer and answer without waiving its demurrer and plea to the jurisdiction; the demurrer referring to Kimbrell Bros. Tire Service as a partnership, and the answer of defendant Kimbrell Bros. Tire Service denying Paragraph 2 of plaintiff's petition and alleging it to be "a partnership com-posed of Lee Roy Kimbrell, Willis Kimbrell and Raymond Kennedy, all of Houston, Texas."

Thereafter on March 30, 1966, without having amended its plea to the jurisdiction theretofore filed on March 24, 1966, Kimbrell Bros. Tire Service, a partnership composed of the three named partners, filed its verified plea to the jurisdiction.

On April 18, 1967, the trial court entered an order reciting "the court after hearing argument of counsel on the plea to the jurisdiction, general demurrer and other defensive pleadings, determines to reserve final ruling" thereon, "in *order to allow plaintiff's counsel* to initiate discovery proceedings," and by said order adjudged and directed that the plaintiff initiate discovery proceedings by interrogatories on or before April 28, 1967. On that date counsel for plaintiff filed written interrogatories directed "to Kimbrell Bros. Tire Service, de-fendants," and on May 15, 1967, response was filed to said interrogatories as "answers of defendant, *Kimbrell Bros. Tire Company.*" To interrogatories as to whether or not Kimbrell Bros. Tire Service is a corporation or partnership, and if either, inquiry as to the names of the owners or any persons having

any financial interest, the answers of *Kimbrell Bros. Tire Company* responded that *Kimbrell Bros. Tire Company* is a partnership composed of Lee Roy Kimbrell, Willis Kimbrell and Raymond Kennedy, all of Houston, Texas.

On July 18, 1967, Kimbrell Bros. Tire Co. filed a motion entitled "Motion to dismiss petition" in two sections, A and B, consisting of six numbered paragraphs, each paragraph 6 alleging "this defendant relies on and cites in support of its motion the petition of the plaintiff, the demurrers, the plea and answer of this defendant, the interrogatories of the plaintiff and response of this defendant thereto all previously filed in this court." There is also attached to the motion as Exhibits A and B a copy of the interrogatories and responses thereto and affidavit of one Lee Roy Kimbrell, "a partner of this defendant." The motion prayed that it be sustained and the plaintiff's petition be dismissed. On this motion an order was issued of date July 18, 1967, requiring the plaintiff to show cause on the 1st day of August, 1967, at 2 p.m. why the motion to dismiss should not be sustained and judgment entered as prayed therein, said order also providing that a copy of the motion and of the order be served on the plaintiff instanter.

There are three questions involved on this appeal. First, the nature of the motion to dismiss; second, the timeliness of hearing on the motion; and, third, whether the individual defendant J. D. Kimbrell was the agent of the partnership, Kimbrell Bros. Tire Service or Kimbrell Bros. Tire Company, as the case may be, or an independent contractor.

Before entering upon a discussion of these questions we deal preliminarily with the nature of the defendant Kimbrell Bros. Tire Service. The plaintiff sued the Tire Service as a Texas corporation. There were no pleadings by Tire Service as a corporation. The record shows there was no such corporation. The defensive pleadings were filed by or on behalf of Kimbrell Bros. Tire Service, or as otherwise stated, Kimbrell Bros. Tire Company, a partnership composed of J. D. Kimbrell, Willis Kimbrell and Raymond Kennedy, and summary judgment was granted in favor of the three named partners as such of Kimbrell Bros. Tire Service. No question has been raised by any of the parties in respect to the variance between the characterization of one of the defendants as a corporation and as a partnership, or in respect to the variance in the partnership names, and no question in respect to variances is adjudicated

by this opinion. Moreover, in view of the fact that plaintiff's petition was amendable and he did not amend his petition changing it from a suit against a corporation to that of a partnership insofar as the partnership is concerned, these variances are not regarded as material here. See *Bell v. Ayers*, 82 Ga. App. 92 (60 SE2d 523); *Parker v. Kilgo*, 109 Ga. App. 698 (2), 701 (137 SE2d 333). See also *Chambers v. Williams Bros. Lumber Co.*, 80 Ga. App. 38 (2) (55 SE2d 244); *Tuggle v. Waller*, 91 Ga. App. 721, 723 (87 SE2d 123).

1. The lower court correctly regarded the "Motion to dismiss" as a motion for summary judgment. It raised the question of the relationship between J. D. Kimbrell, the owner and operator of the tractor, and the partnership, the owner of the trailer and its load of tires which were being hauled by the tractor to North Carolina for delivery there to a third person, the purchaser of the tires; that is, whether J. D. Kimbrell was an agent of the partnership or an independent contractor in the transportation contract between the partnership and J. D. Kimbrell on a fixed fee basis. Attached to the motion to dismiss were the interrogatories and responses thereto, and the affidavit of one Lee Roy Kimbrell, a member of the partnership.

2. The motion was not untimely heard. While it is true that *Code Ann.* § 110-1202 provides that a party against whom a cause of action "is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof," and *Code Ann.* § 110-1203 provides that "The motion shall be served at least 30 days before the time fixed for the hearing," it is also provided by *Code Ann.* § 110-1207 that "The court may reduce or enlarge any time requirements prescribed herein for the filing of any documents or pleadings, or for the hearing date on any motion filed hereunder." In the present case it will be noted from the record that under date of April 18, 1967, the lower court held a hearing on the plea to the jurisdiction, general demurrer and other defensive pleadings, and thereupon by order of said date "in order to allow plaintiff's counsel to initiate discovery proceedings as to any relevant issue in said case or which likely may lead to the discovery of any such relevant matter," ordered the plaintiff to initiate discovery proceedings by interrogatories on or before April 28, 1967, with the right in the defendants to have 20 days from the date same are served within which to answer the interrogatories, and

that interrogatories were so sued out and answered, the answers being served on May 15, 1967, and filed on May 16, 1967. The motion to dismiss, construed as a motion for summary judgment and directed by the order thereon of July 18, 1967, to be served on the plaintiff instanter, was served on said date by mail as authorized by *Code Ann.* § 81-301. See also *Mathis v. Blanks,* 212 Ga. 226 (1) (91 SE2d 509) ; *Fluellen v. Campbell Coal Co.,* 54 Ga. App. 355 (188 SE 54). The order and judgment of the lower court of date August 1, 1967, on the motion for summary judgment recites the hearing thereon pursuant to the previous order of the court of July 18, 1967, and arguments having this day been heard, thereby indicating the presence of the attorneys for both plaintiff and the partnership defendant. It does not appear that counsel for plaintiff, either before or on the hearing asked or made a motion for a continuance of the hearing for any purpose. The plaintiff had already on his own initiation sued out the interrogatories pursuant to the order of the court of April 18, 1967, as discovery proceedings *as to any relevant issue in the case or which likely might lead to the discovery of any such relevant matter;* and the plaintiff in his notice of appeal directed the clerk not to omit any part of the record but "to include all of the pleadings, special pleas, demurrers and motions, along with interrogatories and all motions." The order and judgment on the motion for summary judgment did not pass upon the demurrers.

The fifth enumeration of errors complains that the lower court erred in entering its order of August 1, 1967, for the reason that the order of date July 18, 1967, setting the date on which the motion was to be heard shows that the time provided in said order for the date of hearing did not conform to the time allowed in the statutes creating this summary proceeding. This enumeration of error is without merit.

3. The record shows the following undisputed facts: The individual defendant J. D. Kimbrell was the owner and operator of the tractor and the partnership was the owner of the trailer which with its load of tires was being hauled by the tractor for a fixed fee to be paid by the partnership to J. D. Kimbrell for transportation and delivery to a purchaser of the tires; that Kimbrell was not an agent or employee of the partnership and had no financial interest therein, and that the partnership did not give Kimbrell any instructions as to the route to be

taken, what to do and the transportation of the tires, nor exercise any control over Kimbrell in the transportation of the trailer and its load of tires; that the only responsibility of Kimbrell under his agreement with the partnership was the transportation and delivery of the tires. The relationship between Kimbrell and the partnership was that of independent contractor on the part of Kimbrell, and the partnership was not liable for the negligence, if any, of Kimbrell in the operation of the tractor.

The judgment of the lower court in sustaining the motion for summary judgment and that the plaintiff has no right of recovery against the defendant partnership or against any individual partner of the partnership and in favor of the named partners, doing business as Kimbrell Bros. Tire Service, is affirmed.

*Judgment affirmed. Pannell, J., concurs. Bell, P. J., concurs in the judgment.*

ARGUED NOVEMBER 8, 1967—DECIDED MARCH 14, 1968.

*Norton & Cooper, J. Robert Cooper,* for appellant.

*Whelchel, Dunlap & Gignilliat, James A. Dunlap, Wright Willingham,* for appellees.