## 43917. CONNELL v. CONNELL.

WHITMAN, Judge. This case arises out of an action by Jacquelyne Cook Connell against A. J. Connell to recover on a foreign judgment, as a debt of record, in the Municipal Court of the City of Augusta, Ga. Defendant's plea to the jurisdiction was overruled. Defendant's responsive pleading, asserting several matters in defense, was stricken, pursuant to motion, as failing to set forth facts sufficient to constitute a defense. Judgment was entered for plaintiff and defendant appeals therefrom.

The marriage of the parties herein was terminated by a final judgment and decree of total divorce of the Domestic Relations Division of the Superior Court of Richmond County, Georgia. The divorce decree awarded the custody of the children to Mrs. Connell, and also provided for alimony and child support.

Mrs. Connell moved to South Carolina with the children and established domicile there. She then filed a petition in the Court of Common Pleas, Aiken County, South Carolina, for

a modification of the Georgia divorce decree with respect, among other things, to its child support provisions based on changed conditions, and had the petition, with a summons, served on Mr. Connell in Aiken County, S. C. Mr. Connell filed his "answer and return," stating therein that he was making a special appearance for the purpose of objecting to the jurisdiction of the court; that the personal service upon him was not legally effective, and, further, that the court had no jurisdiction of the subject matter. He moved the court to dismiss the action against him. But the court determined, because of other contentions made in the "answer and return," that Mr. Connell had answered on the merits, thereby making his appearance a general appearance rather than a special appearance, and thus any right to assert that the court had no jurisdiction over the person had been waived. This determination was upheld on appeal. See Connell v. Connell, 249 S. C. 162 (153 SE2d 396).

Thereafter the Court of Common Pleas determined that it was authorized under South Carolina law to modify the provisions of an original alimony decree of another State based on changed financial conditions and entered judgment providing for increased child support payments by Mr. Connell and for the payment of attorney's fees involved in bringing the action. The judgment awarding attorney's fees was made expressly in favor of Mrs. Connell's attorneys. However, such a judgment will be construed as one which the plaintiff may enforce in her own name. *Walden v. Walden,* 171 Ga. 444, 446 (155 SE 919). These judgments were the basis of the action by Mrs. Connell in the Municipal Court of the City of Augusta, the final order in which is the basis for this appeal by Mr. Connell. *Held:*

1. The overruling of Mr. Connell's plea of no jurisdiction of the subject matter in the Municipal Court of Augusta is enumerated as error. It is argued that the action was one involving alimony, child support and other issues strictly within the jurisdiction of the superior courts of this State.

The plea was properly overruled. A suit to enforce a decree for alimony of a sister State does not make such suit an alimony case, rather, it is simply an action on a debt of record. *McLendon v. McLendon,* 192 Ga. 70 (14 SE2d 477); *Lawrence v. Lawrence,* 196 Ga. 204 (3) (26 SE2d 283); *Henderson v. Henderson,* 209 Ga. 148 (1) (71 SE2d 210). The Municipal

Court of Augusta therefore properly had jurisdiction. Ga. L. 1965, pp. 2144, 2146.

2. Mr. Connell asserted below that the Court of Common Pleas of South Carolina was without jurisdiction over him and that the orders issuing from said court are not enforceable against him in Georgia. This defense was stricken on motion, which action is enumerated as error.

The record shows that the question of jurisdiction was raised in the South Carolina court by Mr. Connell and was decided adversely to him. That determination is conclusive. *Drake v. Drake*, 187 Ga. 423 (5) (1 SE2d 573).

3. It was also asserted in defense that (1) the complaint states no claim for which relief can be granted; (2) that the rights between the parties were previously established in a final judgment and decree of total divorce entered by the Superior Court of Richmond County; (3) that the Court of Common Pleas of South Carolina was without jurisdiction to modify the decree of the Superior Court of Richmond County; and (4) that defendant has at all times complied with the terms and conditions of the Richmond County Superior Court decree. These defenses were stricken on motion, which action is enumerated as error.

The judgment sued on, being properly authenticated and rendered by a court of competent jurisdiction of South Carolina, must be accorded the same full faith and credit in Georgia which it would be accorded in South Carolina. *Tompkins v. Cooper*, 97 Ga. 631 (25 SE 247); *Thomas v. Morrisett*, 76 Ga. 384.

Most courts, as a general rule, will not entertain applications to modify alimony decrees of foreign courts, requiring instead that such applications be first made to the foreign courts rendering them. 27B CJS 884, 916, Divorce, §§ 381, 398 (b). In Georgia, compare *Dyal v. Dyal*, 65 Ga. App. 359, 364 (16 SE2d 53), regarding a foreign alimony decree, with *Peeples v. Newman*, 209 Ga. 53 (1) (70 SE2d 749), regarding a foreign custody decree. South Carolina was formerly in accord with the general rule. Johnson v. Johnson, 194 S. C. 115 (8 SE2d 351); Johnson v. Johnson, 196 S. C. 474 (13 SE2d 593, 134 ALR 318). However, our sister State now seems to be of the view, with regard to foreign decrees established there for local enforcement, that her courts may entertain and determine a plea for modification of the foreign alimony decree

on any grounds that could be asserted in the foreign court. See Grossman v. Grossman, 242 S. C. 298 (130 SE2d 850). This view is not at odds with Georgia law, as our Supreme Court has held that notwithstanding decrees rendered here affecting the rights of parties while such parties are subject to the jurisdiction of this State, when one of the parties, such as a mother and her minor child, lawfully establishes residence in a foreign State, the foreign State acquires jurisdiction over any new questions concerning the custody, control, and general welfare of the minor child. *Stallings v. Bass*, 204 Ga. 3 (48 SE2d 822); *Milner v. Gatlin*, 139 Ga. 109 (2) (76 SE 860). In this case, the South Carolina court has so acted. The judgment sued on was entered with jurisdiction over all the parties and is entitled to full faith and credit in Georgia. There was no error in striking the defenses interposed by Mr. Connell in this regard.

4. It is also contended that the trial court erred in hearing and ruling on plaintiff's motion to strike and dismiss which had not been assigned for hearing as required by law; that the motion was in effect either a motion for summary judgment or a motion for judgment on the pleadings, and that a hearing could not be had before the expiration of 30 days under *Code Ann.* § 81A-156, nevertheless, the motion was assigned for hearing only 6 days after notice thereof. It appears from the record that both parties appeared before the court and argued the motion on the day assigned without objection as to time. No complaint may now be made as to the timeliness of the hearing. *Mathis v. Kimbrell Bros. Tire Service*, 117 Ga. App. 399, 402 (2) (160 SE2d 855).

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Eberhardt, Pannell and Quillian, JJ., concur. Felton, C. J., and Deen, J., dissent.*

ARGUED SEPTEMBER 4, 1968—DECIDED FEBRUARY 26, 1969—
REHEARING DENIED MARCH 12 AND APRIL 4, 1969—

*Allgood & Childs, Thomas F. Allgood,* for appellant.
*Albert G. Ingram,* for appellee.

FELTON, Chief Judge, dissenting. Mrs. Connell sued her ex-husband in South Carolina on a judgment for alimony and child

support entered against the ex-husband in the Superior Court of Richmond County, Ga., seeking an increase in the amount of children's support due to the improvement in the defendant's financial condition. The defendant was served with petition and process in South Carolina. He filed a plea to the jurisdiction on two grounds. The first paragraph of this plea reads as follows: "Your respondent hereby makes a special appearance for the purpose of making an answer and return, *objecting to the jurisdiction of this court in this matter, and without waiving the same.*" (Emphasis supplied.) He also filed a plea to the merits by amendment. The trial court overruled the plea to the jurisdiction which the appellant appealed to the Supreme Court of South Carolina, which affirmed the trial court. The jurisdiction of the South Carolina court was attacked as to subject matter and person. As I interpret the decision of that court, it held that no valid pleas to the jurisdiction had been filed for the sole reason that the plea to the jurisdiction, a plea to the merits and of res judicata were filed and were of file all at the same time at the time judgment was rendered by the trial court, and that the only way a plea to the jurisdiction could be effective was that it be filed *completely by itself* and that if it was overruled the court under a numbered Code section could allow time for the filing of a plea on the merits. Connell v. Connell; 249 S. C. 162, supra. The law in this state at the time of the South Carolina decision was to the effect that "The filing of a plea to the merits when a plea to the jurisdiction had previously been filed does not waive the jurisdiction even though the plea to the merits is not expressly made subject to the plea to the jurisdiction." *Milam v. Terrell*, 214 Ga. 199 (1) (104 SE2d 219). The same rule applies to present law under the Civil Practice Act (Ga. L. 1966, pp. 609, 622, as amended; *Code Ann.* § 81A-112). While the fact that Georgia law is different from that of a sister State may not in all cases justify Georgia in refusing to give the sister State's judgment full faith and credit, the facts in this case demand that Georgia refuse to give South Carolina's judgment full faith and credit. The judgment in this case strikes at the heart of Georgia's public policy; the rule it is based on is procedural and hypertechnical and patently unreasonable to the nth degree. It

violates due process. I therefore think that since the South Carolina judgment should not have been given effect by the trial court in this case in the action based on the South Carolina judgment the trial court should have permitted the appellant to attack the South Carolina judgment collaterally in this judgment in the trial of the case appealed here. I also join in Judge Deen's dissent.

In Brown v. Western Railway of Alabama, 338 U. S. 294 (70 SC 105, 94 LE 100), the Supreme Court held that a Georgia practice and pleading rule could not deprive a party of a federal right. If the Supreme Court may reverse this court because Georgia construes an action against a pleader, Georgia is not required to give full faith and credit to the judgment of a state which has a rule of pleading more ridiculous than our construction of a pleading against a pleader.

DEEN, Judge, dissenting. The parties to this action obtained a decree of divorce including alimony and support payments in Richmond County, Ga., in 1963. Defendant remained domiciled in Richmond County. In 1966 plaintiff, who had moved to South Carolina, obtained service on her former husband when he came to that state to see the children and obtained from the South Carolina court a judgment purporting to change and modify the Georgia judgment by providing for an increase in payments of $150 per month, and awarding the wife's attorneys an additional $2,500 as attorney fees for bringing the South Carolina modification action. The order, entered December 16, 1967, states: "It is further ordered that the original [Georgia] divorce decree of the parties hereto dated November 13, 1963, be and the same is hereby amended so that the respondent herein shall be directed to pay to the petitioner the sum of $150 per month for the support of each of the three minor children of the marriage."

There is no dispute but that the defendant here has paid all sums awarded by the *Georgia* decree. The South Carolina order increased the monthly payments by $150, and plaintiff, without obtaining any further South Carolina judgment for arrearage, filed a "suit on a foreign judgment" in the City Court of Augusta, the same county in which the divorce decree was granted but

a different court, seeking to recover $3,250, of which $2,500 was for attorney fees and $750 for arrearage in the increased amount set by South Carolina. The defendant's defenses were stricken and a default judgment was entered against him for this amount.

I consider this action error for several reasons. First, as to the case being in default, no proof was offered as to any arrearage. The South Carolina judgment sued on was not a judgment for a sum certain but only for "$150 per month" for each of three children. The judgment was thus not on a liquidated amount. Georgia law requires that a petition for modification of a Georgia alimony judgment be brought in *the court which rendered the divorce. Code Ann.* § 30-220. The plaintiff, by bringing the action in another state, not the state of residence of the defendant, and then seeking to enforce the new judgment in Georgia in the county in which the divorce was rendered *but in a different court* is thus allowed to circumvent Georgia law in Georgia to the detriment of a citizen of Georgia. Thirdly, the South Carolina order allows the plaintiff $2,500 in attorney fees which Georgia law specifically does not allow to be collected on a modification of a Georgia divorce decree where the petition is brought by the wife. *Code Ann.* § 30-223.

The majority opinion holds that regardless of these facts the South Carolina decree is entitled to full faith and credit. It grounds its reason, however, as shown by the cases cited, on the mistaken premise that the enforcement of a foreign divorce and alimony decree in Georgia and the enforcement of an alteration by a foreign state of a Georgia decree, where the alteration is one which Georgia does not permit, should be equated. I do not believe that a nonresident should be allowed, simply by suing in a foreign State, to obtain a judgment for sums not allowed in this State by the method of procuring a foreign court to modify a Georgia judgment, and then to return to Georgia and seek to enforce the (in Georgia) illegal amount in the very county in which plaintiff should have appeared in the first instance if she desired to have the decree modified.

"A rigid and literal enforcement of the [full faith and credit] clause, without regard to the statutes of the forum, would lead to the absurd result that wherever a conflict arises, the statute

of each state must be enforced in the courts of another, but cannot be enforced in its own courts. . . Hence, the full faith and credit clause does not require the enforcement of every right conferred by a statute of another state, and, a fortiori, does not require the enforcement of a foreign statutory right where such enforcement would involve intrusion by the court of the forum into the public affairs of another state. . . Prima facie, every state is entitled to enforce in its own courts its own statutes, lawfully enacted, and one who challenges a state's right to do so, because of the force given to a conflicting statute of another state by the full faith and credit clause, assumes the burden of showing, upon some rational basis, that of the conflicting interests involved those of the foreign state are superior to those of the forum." 16 AmJur2d 997, Constitutional Law, § 590.

Furthermore, South Carolina, which has the same statutory requirement for modification of alimony decrees that we do (that is, that the petition for modification must be filed in the court in which the original judgment was rendered) has itself recognized that *it* would not be bound under like circumstances. Although in Grossman v. Grossman, 242 S. C. 298, supra, a proceeding partitioning alimony payments based on a foreign judgment between a spouse and children was allowed, the court observed at page 306: "Since the present decree is subject to modification in Ohio, it is generally held that we are not required under the full faith and credit clause of the Federal Constitution to enforce payment of arrears of support under such a decree. 17A AmJur., Divorce and Separation, Sections 974 and 975." Cf. 24 AmJur2d 1117, § 979: "More specifically, if a decree for alimony or for the support of a child, or a unitary award for the support of a wife and child is subject to modification by the court in which it was entered, the traditional view is that it is not entitled to full faith and credit." In this respect the courts of Georgia and South Carolina are in agreement. Under identical statutes not only has South Carolina held that full faith and credit would not be given to a modifiable decree, but Georgia also has twice held: "A decree for alimony of a sister State, providing for future monthly payments, which by its own terms is subject to be revoked or modified, as to the

amount to be paid thereunder, by the court rendering such decree, is not such a decree as is enforceable in this State under the full faith and credit clause of the Constitution of the United States, or upon principles of comity." *Cureton v. Cureton*, 132 Ga. 745 (2) (65 SE 65); *Ferster v. Ferster*, 219 Ga. 543 (134 SE2d 600).

I would reverse.

I am authorized to state that Chief Judge Felton concurs in this dissent.

### On Motion for Rehearing.

Whitman, Judge. The original motion for rehearing and the second motion for rehearing and the amended motion for rehearing (the amendment being filed March 24, 1969) are each and all hereby denied. They appear to be predicated on the insistence that the Georgia statute set forth in *Code Ann.* § 30-220 et seq. in relation to the modification of an alimony decree of a Georgia court is the exclusive remedy available for that purpose; that the statute evidences a public policy of Georgia which prevents the beneficiary of the Georgia decree from enforcing by suit in this state a foreign judgment obtained by her in the foreign state wherein she and her children then resided modifying the Georgia decree, and that in such case the full faith and credit clause of the Federal Constitution does not apply in respect of such enforcement of the foreign judgment. The contention of appellant is that such enforcement would be contrary to the public policy of this state and, therefore, that the judgment of the lower court should be reversed and set aside.

With this contention we cannot agree. In our opinion it is unsound and without merit.

Public policy may be fixed and established by statutory enactments and judicial decisions and judicial records. *Glosser v. Powers*, 209 Ga. 149 (71 SE2d 230); *Cummings v. Johnson*, 218 Ga. 559 (5) (129 SE2d 762), quoting from Building Service &c. Union v. Gazzam, 339 U. S. 532, 537 (70 SC 784, 94 LE 1045). See also *Mutual Life Ins. Co. v. Durden*, 9 Ga. App. 797 (72 SE 295).

*Code Ann.* § 30-220 et seq. is a Georgia statutory enactment relating to the change or modification of a final alimony decree.

It reflects the public policy of the state in relation to its subject matter. This statute undoubtedly refers only to a petition brought in a Georgia court with personal residence venue jurisdiction in Georgia to revise a Georgia alimony judgment. See *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719). This case does not relate to a foreign judgment, but does support in principle the view that the statute (§ 30-220) being statutory only, is subordinate to the full faith and credit clause of the Federal Constitution. The question involved in *Bugden* is not involved here. This case has to do with the application and effect and implementation of the South Carolina judgment under the full faith and credit clause of the Federal Constitution.

Under the Constitution of Georgia its supreme law is the Constitution of the United States. *Code Ann.* § 2-8001. The public policy of the State reflected by its statutes is subordinate to the Federal Constitution. The full faith and credit clause of that Constitution is found in Article IV thereof *Code* § 1-401).

*Code Ann.* § 30-220 et seq. is not superior to or co-ordinate in authority with the full faith and credit clause of the Federal Constitution, nor can it be so construed or applied.

The decree of the South Carolina court is controlling and cannot be ignored or set aside on the claim that it is contrary the public policy of this State as evidenced by *Code Ann.* § 30-220 et seq.

The public policy of a state is reflected not only by its statutory law but, as indicated above, also by its judicial decisions. The Georgia court decisions on the question of the effect and enforceability of a foreign alimony judgment in Georgia are numerous in holding that such a judgment is entitled to full faith and credit in Georgia courts and will be enforced here. See, among others, the following cases: *Lawrence v. Lawrence,* 196 Ga. 204 (3) (26 SE2d 283), and cases cited; *Henderson v. Henderson,* 209 Ga. 148 (71 SE2d 210) ; *Creaden v. Krough,* 75 Ga. App. 675 (44 SE2d 136) ; *Tobin v. Tobin,* 93 Ga. App. 568 (92 SE2d 304) ; *Johnson v. Johnson,* 115 Ga. App. 749 (156 SE2d 186), transferred from Supreme Court, 223 Ga. 147 (154 SE2d 13).

Thus, the Georgia judicial decisions, which are evidence of

the public policy of this State, and the full faith and credit clause of the Federal Constitution, are consistent and in accord with each other; indeed, the decisions apply and implement the clause, so that in the case sub judice the full faith and credit clause must prevail and control in the disposition of the motions for rehearing and the amendment thereto.

The statute adopted by the General Assembly and approved by the Governor March 17, 1969 (House Bill No. 791), amending Code § 30-220 (Ga. L. 1964, p. 713), does not require a different result.

*Motions for rehearing denied and original opinion adhered to.*