### 69491. GADDY v. THOMASSON.
(324 SE2d 817)

DEEN, Presiding Judge.

Appellant brought an action on account in the State Court of Fulton County against appellee Thomasson, d/b/a Reliable Lumber Co., Inc. Appellee answered, alleging *inter alia* that he had never done business with appellant in his individual capacity, and that any debt that might be owing was that of a corporation, The Reliable Pallet Company. At the same time appellee Thomasson filed a motion to dismiss pursuant to OCGA § 9-11-12, alleging lack of personal jurisdiction and failure to state a claim upon which relief can be granted. The brief in support of the motion cited no authority in addition to the Code section cited, supra. Appellant filed no response to the motion to dismiss, and the trial court granted the motion. Appellant enumerates this judgment as error, alleging that under Rule 25 of the Rules of the State Court of Fulton County, no response was required because appellee cited no authority other than the Code section in his

brief in support of the motion to dismiss. *Held*:

When, in ruling on a motion to dismiss based on grounds set forth in OCGA § 9-11-12, the trial court considers matters other than the pleadings themselves, such motion is properly treated as a motion for summary judgment subject to the requirements of OCGA § 9-11-56. See OCGA § 9-11-12 (b); *Hodges v. Youmans*, 129 Ga. App. 481 (200 SE2d 157) (1973); *Kell v. Ga. Power Co.*, 124 Ga. App. 237 (183 SE2d 511) (1971). The record in the instant case reveals that the trial court considered the affidavit attached to appellee's motion to dismiss, and held a hearing at which appellant was represented by counsel and argument was heard from both parties. The record further reveals that the motion to dismiss, which was properly treated as a motion for summary judgment, complied with statutory requirements as to notice and burden of proof, as set forth in OCGA § 9-11-56 (b), (c), and (e); and that appellant made no showing that there existed any genuine issue of material fact, which showing would have precluded summary adjudication. His failure to file a responsive pleading to the motion not only is a violation of the State Court of Fulton County's Rule 25, but also constitutes non-compliance with OCGA § 9-11-56 (e), which, under appropriate circumstances, authorizes the award of summary judgment in the event of such non-compliance.

Appellant's attempt to excuse his failure to file a response to the motion to dismiss by insisting on an over-literal reading of Rule 25 (b) (2) is specious. Moreover, examination of the record discloses that appellant made no objection below to this alleged error. An error raised for the first time on appeal cannot be considered by this court. *Hammond v. Paul*, 249 Ga. 241 (290 SE2d 54) (1982); *Lester v. Groves*, 162 Ga. App. 590 (291 SE2d 785) (1982). See also *Mathis v. Kimbrell Bros. Tire Service*, 117 Ga. App. 399, 402 (160 SE2d 855) (1968).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1984.

*Antone L. Allison*, for appellant.
*Richard E. Thomasson*, pro se.